BUTLER v. SPRATLING et al.

No. 15216.

Court of Civil Appeals of Texas. Fort Worth.

March 9, 1951.

Rehearing Denied March 30, 1951.

Chaney, Davenport & Irwin, of Dallas, for appellant.

G. R. Lipscomb and Claude Spratling, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellees brought this suit for damages done to a house when a truck owned by appellant, and driven by Henry L. Jones,

left the highway and crashed into the house. The jury found: (1) Jones' driver's license had expired prior to the time of the collision; (2) such fact was not known to the agent of appellant who employed Jones to drive the truck; (3) appellant's agent in charge at the time was negligent in entrusting the truck to the defendant Jones without ascertaining whether his driver's license had expired; (4) Jones operated the truck in a negligent manner; (5) such negligence was the proximate cause of the collision between the truck and the house. The remaining issues pertained to the amount of damages. Judgment was rendered for appellees against appellant Butler and the driver Jones, jointly and severally, for the damages found by the jury. Butler alone has appealed, presenting six points of error.

█ We are first met with the contention by appellees that the appeal should be dismissed. Butler filed a supersedeas bond executed by Pan American Casualty Company as surety. Appellees filed a motion in this court to dismiss the appeal, based on the theory that Pan American Casualty Company was primarily liable for payment of the judgment because it had issued a policy of liability insurance protecting Butler against claims of the kind asserted by appellees in this suit, and that, in effect, the supersedeas bond was executed only by persons primarily liable for payment of the judgment, with the alleged result that the bond was not executed by a surety as well as by the principal obligor. We overruled the motion to dismiss the appeal, another supersedeas bond was filed in this court, executed by a different surety, and we adhere to our original view that the bond filed with the clerk of the trial court was sufficient compliance with the applicable rules of procedure to confer jurisdiction of the appeal on this court.

Jones was hired to drive the truck on Monday, and the collision with the house occurred on Wednesday of the same week. On the latter day Jones was instructed to drive the truck to his house at the end of the day, and to bring it to the place of employment the next morning. Without permission from his employer, and contrary to the instructions which had been given him, he drove the truck to another part of town that evening, on a personal mission having nothing to do with his employer's business, and ran into appellee's house.

Although Jones was appellant's employee, hired to drive the truck, liability is not sought to be imposed upon appellant by reason of the master and servant relationship, or, to put it another way, under the doctrine of respondeat superior, because Jones was not in the scope of his employment when the damage was done. Appellees' theory of recovery is founded on the charge that appellant entrusted the truck to an unlicensed driver, and hence became liable for the damages proximately caused by the driver's negligence. Appellant contends that liability can be imposed on him, because of his negligence in entrusting the truck to an unlicensed driver, only if appellant's negligence in such respect was a proximate cause of the damage suffered by appellees. Appellant argues that in any event it was reversible error for the trial court to refuse to submit the issue of proximate cause in such respect to the jury, and further says that the evidence shows, as a matter of law, that appellant's negligence in entrusting the truck to an unlicensed driver was not a proximate cause of the collision. The claim is that since Jones was not driving the truck with appellant's permission at the time of the collision, it cannot be said that the entrustment of the truck to him for use in the employer's business was a proximate cause of the collision with appellees' house. The debate between the parties revolves largely around the opinion of the Supreme Court in Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 588, and the different interpretations placed by the parties on statements appearing in that opinion.

█ It is settled that the owner who entrusts his automobile to a person known to him to be an incompetent or reckless driver is guilty of negligence. To quote from the Pirie-Slaughter opinion, "If such incompetent or reckless driver, through his negligent operation of the automobile, causes damage to a third person, the owner of the automobile is liable; the negligence

of the driver does not break the chain of causation." The opinion in the Pirie-Slaughter case appears to treat the unlicensed driver as being in somewhat the same category as the incompetent driver, and to hold that the owner who entrusts his automobile to an unlicensed driver is in somewhat the same position as the owner who entrusts his automobile to an incompetent or reckless driver. The rules as to liability of the owners in the two situations are not identical, but they are in some respects analogous.

■ In the case of the unlicensed driver, the Supreme Court declares that the car owner is guilty of negligence per se if he knows that the driver has no license. In the case before us the jury found, on sufficient evidence, that the owner did not know that the driver's license had expired, so negligence per se is not in the case. Appellees argue that negligence per se is in the case because Section 37 of Article 6687b, Vernon's Ann.Civ.St., provides that it is unlawful to employ a chauffeur or commercial operator who does not have a license. We do not think that Section 37 is applicable, because Jones was not in his employment as a commercial operator when the house was damaged. If liability is to be imposed on appellant, it must be under Section 36, and the interpretation given the statute in the cited case. Concerning the case where the driver has no license, but the car owner does not have actual knowledge of such fact, the Court said: "However, we think that the facts that the driver did not have a license and that defendant's agents by the exercise of due care could have ascertained that he did not have a license may be alleged and proved by the plaintiff for the purpose of showing that the defendant's agents were in fact negligent in permitting Dickson to take and drive the automobile." It would seem from this excerpt that the Supreme Court did not hold that an owner would necessarily be held negligent where he entrusted the car to an unlicensed driver, and by the exercise of due care could have ascertained that the driver had no license, but only declared that such facts, to-wit, the lack of license and the fact that the owner could have learned of it if diligent, could be alleged and proved for the purpose of showing that the owner was negligent in entrusting the car to the driver. It would follow, in the usual case, that the question of the owner's negligence would be one for the jury to determine.

■ Throughout the whole field of the law pertaining to liability based on negligence, we encounter the rule that proximate cause is an essential of actionable negligence. 30 Tex.Jur., 692–699. San Antonio & A. P. Ry. Co. v. Behne, Tex. Com.App., 231 S.W. 354, is sufficient authority for the proposition that liability for a wrongful act is limited to such injuries as are proximately caused by such wrongful act, whether the wrongful act be wrongful per se, as for the failure to comply with a statutory duty, or wrongful at common law, as being a failure to exercise ordinary care. The rules for determining proximate cause are the same in both cases. In either case foreseeability or anticipation is a necessary element of proximate cause. Again and again our courts have declared the rule that liability for negligence exists only where the injury was proximately caused by the negligent act, and we know of no case in Texas holding to the contrary, whatever may have been the character or nature of the negligence charged. It is held in the Pirie-Slaughter case that the statute requiring drivers' licenses does not by its terms impose civil liability on the car owner who entrusts his car to an unlicensed driver. Liability of the owner does not arise out of the relationship of the parties, but is based on the theory that an automobile may become a dangerous instrumentality if placed in the hands of an incompetent or reckless driver, and that an owner is negligent who knowingly places his car in the hands of such a driver. An excellent statement of the basis for such liability appears in Lang Floral & Nursery Co. v. Sheridan, Tex. Civ.App., 245 S.W. 467, writ dis. We have carefully read and re-read the Pirie-Slaughter opinion, and do not find evidence of an intention to do away with the usual requirement of proximate cause in negligence cases. Appellees rely on the state-

ments in the next to the last paragraph of the opinion, in which were enumerated six facts which the Court declared the plaintiff in the cited case had to establish to show liability. The Court did not expressly say that it was necessary to show that the car owner's negligence, in entrusting the car to the unlicensed driver, was a proximate cause of the injury, but the requirement of proximate cause in all negligence cases is so well known that the Court perhaps thought it unnecessary specifically to mention it.

Also to be borne in mind, in studying the Pirie-Slaughter opinion, is the manner in which the license question was brought before the Supreme Court. Plaintiff alleged that the driver had no license, and that the car owner knew, or by the exercise of ordinary care should have known, that he had none. The trial court sustained special exceptions to such allegations, and this court held, 202 S.W.2d 331, that the mere fact that the driver did not have a license could not be made the basis of liability. The essential holding of the Supreme Court was that plaintiff should have been permitted to allege and prove the lack of license, and the fact that defendant knew or by the exercise of ordinary care should have known that the driver did not have a license, as showing negligence of the owner in entrusting the car to the driver in question.

■ Appellant made proper objection to the failure of the trial court to submit the question of proximate cause just discussed. We hold that a finding of proximate cause was essential to a recovery, and that it was error, over appellant's objection, to refuse to submit the issue to the jury. Our views on the proximate cause question appear to be in harmony with those expressed by the El Paso Court of Civil Appeals in Railway Express Agency, Inc., v. Knebel, 226 S.W. 2d 922.

■ Appellant contends that it should be held, as a matter of law, that the negligence of his agent in entrusting the truck to Jones was not a proximate cause of the collision, but only a remote cause. Proximate cause ordinarily is an issue of fact for the jury to determine, and will be determined as a matter of law only where the evidence is such that reasonable minds could not differ about it. 30 Tex.Jur., 724. We are not willing to say that reasonable minds could not differ on the question which is embodied in the proximate cause issue, whether or not appellant's agent in charge of the truck could reasonably have foreseen that Jones might drive the truck on a mission of his own on the night in question. Jones had been employed only two days. The exercise of ordinary care might have revealed the lack of a driver's license, although an inquiry in this respect was not contained in the court's charge. The jury might reasonably have found, under the facts presented in the record now before us, that appellant's agent could reasonably have foreseen a deviation on Jones' part from the instructions his employer had given him.

■ Appellant requested an issue inquiring if Jones was driving the truck with the permission and consent of appellant's agent at the time of the collision. As we see it, this did not present an ultimate or controlling issue. If the agent was negligent in entrusting the truck to Jones, and if he could reasonably have foreseen a violation of the instructions given Jones about not driving the truck during the night, it would not have been necessary to a recovery to show that appellant's agent gave Jones permission to use the truck in carrying out the personal mission. In the case of entrusting a car to an unlicensed driver, as in the case of entrusting a car to an incompetent or reckless driver, the facts of the particular case will determine whether or not a jury issue is raised as to proximate cause. Where there is a deviation from the terms of the owner's consent to the use of the car, it will usually be a fact issue for the jury to decide, whether or not the owner could reasonably have foreseen a deviation beyond the time, place and purpose of the use intended by the owner, dependent in each instance on the facts of the particular case.

We sustain appellant's first point of error; we overrule the second and third points; the fourth point, which is some-

798

what ambiguous, is overruled, although our rulings with respect to other points dispose of some of the issues presented in the fourth point; the fifth point, raising substantially the same question raised in the first point, is sustained; the sixth point is overruled.

The judgment of the trial court is reversed and the cause is remanded for another trial.

CULVER, J., not sitting.