CLAUDE SPRATLING ET AL V. W. K. BUTLER ET AL.

No. A-3133. Decided June 13, 1951.
Rehearing overruled July 25, 1951.
(240 S. W., 2d Series, 1016.)

*G. R. Lipscomb* and *Claude Spratling*, both of Ft. Worth, for petitioners.

It was error for the Court of Civil Appeals to hold that proximate cause in connection with the negligent entrustment of the truck to the employee Jones is a fact issue for the jury, when that issue was already concluded by the evidence and the findings of the jury thereon that Jones on the occasion just prior to the collision of the truck with plaintiff's house drove the truck negligently and such negligence was a proximate cause of the damage occasioned to plaintiff's property. Mundy v. Pirie-Slaughter Motor Co., 146 Texas 314, 206 S.W. 2d 587; Labadie v. Dean, 47 Texas 90; Elliott v. Lester, 126 S.W. 2d 756.

*Chaney, Davenport & Irwin* and *Francis M. Chaney*, all of Dallas, for respondents.

On the question of negligence of employer being the proximate cause, when his negligence consisted in not ascertaining that the employee had no commercial driver's license. Worsham Buick Co. v. Isaacs, 126 Texas 546, 87 S. W. 2d 252; Russell

Constr. Co. v. Ponder, 186 S.W. 2d 233; Salitrero v. Maryland Casualty Co., 109 S.W. 2d 260.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit for damages to a house brought by its owners, Claude Spratling and Alonzo Jackson, petitioners. against W. K. Butler and Henry L. Jones, respondents. The house was damaged when struck by a truck belonging to Butler but driven by Jones, his employee. A trial court judgment for petitioners was reversed by the Court of Civil Appeals and the cause remanded. 237 S. W. 2d, 793.

In the absence of Butler, his son, who had full authority to act, employed Jones to drive a truck in a transport business operated by Butler. The son testified that Jones said he had a driver's license; that "I asked him if he had a license and he said he had misplaced it and he was going down to get one that week, get it renewed"; that he did not then know that Jones had no license. Jones testified that he had lost his license, but it is not clear when or why he lost it. In any event, it seems undisputed that he had no license either when he hired to Butler or when he ran the truck into petitioners' house.

On the night of the second day following his employment, after he had consumed two bottles of beer and while on a mission wholly his own, Jones ran the truck off the road and into the house.

The case was not tried on any claim that Jones was acting in the course of his employment when he ran into the house but on the theory that Butler had entrusted the truck to Jones knowing that his license had expired or without using ordinary care to find out that it had.

The jury found (1) that Jones' license had expired; (2) that Butler did not know that the license had expired when he hired Jones; (3) but was negligent in not ascertaining that fact; (4) that Jones was operating the truck in a negligent manner immediately prior to its collision with the house; (5) which negligence was a proximate cause of plaintiffs' damages.

■ Respondents excepted to the court's charge because it failed to submit an issue as to whether or not the negligence of Butler in failing to ascertain that Jones' license had expired was a proximate cause of petitioners' damage, "because of the peculiar facts of this case being one in which the driver was or had

been a licensed driver, the license had merely expired, and being one in which the driver of the truck at the time had taken it without the permission and against the orders" of Butler. The Court of Civil Appeals held that a finding of proximate cause as urged in respondents' exception was essential to any recovery by petitioners, and, for that reason alone, reversed and remanded the cause. That holding is contrary to our conclusion in Mundy v. Pirie-Slaughter Motor Co., 146 Texas, 314, 206 S. W. 2d., 587, wherein we recognized that negligence in entrusting a motor vehicle to an unlicensed driver must be proved to have been a proximate cause of the plaintiff's injuries and then stated how it may be shown: *"In order to establish proximate causation, plaintiff must show that Dickson* (unlicensed driver) *operated the automobile negligently, that is, in a manner that was negligent regardless of the lack of a driver's license, and that such negligence was a proximate cause of the collision. * * * If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person."* (Italics supplied.) Clearly, therefore, respondents' exception to the court's charge in this case was without merit. The charge adequately submitted the issue of proximate cause.

■ Respondents argue that the negligence of Butler in not ascertaining that Jones had no license when the truck was turned over to him is immaterial because at the time he struck petitioners' house Jones was driving the truck "against the orders and without permission of the owner and on a mission of his own" and on private property with "no proof that the truck was out of control at the time only that the man was drunk." Under our holding in Seinsheimer v. Burkhart, 132 Texas, 336, 122 S. W. 2d., 1063, as well as in Mundy v. Pirie-Slaughter Motor Co., supra, those considerations are without significance in a case of negligent entrustment.

■ The Court of Civil Appeals properly recognized that here, as in all cases of this nature, the issue as to whether the defendant was negligent in not ascertaining that the driver had no license before turning the vehicle over to him is one of fact to be solved by the trier of the facts; and it has been determined adversely to respondents.

What we have said controls all issues raised here or in the Court of Civil Appeals by either party.

It follows that the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered June 13, 1951.

Rehearing overruled July 25, 1951.