**FRONTIER THEATRE, Inc., et al.,**
**Appellants,**

v.

**J. E. WHISENANT et al., Appellees.**

**No. 5154.**

Court of Civil Appeals of Texas.

El Paso.

April 25, 1956.

Rehearing Denied May 16, 1956.

**396**

Perkins, Bezoni & Casebier, Midland, for appellants.

Martelle McDonald, Odessa, C. Bennett, Crane, for appellees.

FRASER, Justice.

This suit was instituted in Crane County by J. E. Whisenant, individually and for the benefit of his minor son, Michael David Whisenant, for injuries suffered by Michael David Whisenant as a result of a collision between a pickup truck belonging to Frontier Theatre, Inc., and Michael David Whisenant. A trial before a jury in which special issues were submitted resulted in a verdict for Michael David Whisenant for $30,900 and for J. E. Whisenant for $4,100, on which judgment was rendered against Frontier Theatre, Inc., and James L. Winter, Sr.

Appellants' points 1 and 2 are based on the fact that the juror Box failed to answer while the panel was being interrogated about whether they or any member of their family had been injured, etc. On the hearing it was evident that there was some confusion in the minds of the various jurors as to what the question meant. Juror Box testified that although his little girl had been involved in an accident and the medical expenses paid, he did not answer in that respect because he did not consider her as having been "injured". The record does not disclose what the "medical expenses" were. There is no evidence that this juror mentioned the matter or was influenced in any way, and so there is no reason to assume that this juror, intentionally or otherwise, concealed information that he should have divulged. He was very positive in his statement that the child had not been injured. In any event, no probable harm was shown or can be assumed from the record involving this incident. These points are therefore overruled.

With regard to appellants' points 3 and 4, relating to a statement by Juror Hayes that his mother was at that time bedfast, and that six months ago she was in good health, we do not believe there is any error, for the reason that on the hearing it developed that three of the jurors did not hear any such statement at all; that five of the jurors stated that all they recalled was hearing some statement by Hayes to the effect that his mother was not doing well or was ill, but this five apparently did not hear anything about her having undergone a sudden illness. That means that eight of the eleven jurors did not hear or recall having heard the alleged remark that

"six months ago you couldn't tell the difference"

along with the statement that she was now bedfast or very seriously ill. There was some conflict among the jurors as to what was heard and said, but a careful examination of the record bears out the trial court's obvious conclusion that the matter was of little importance and could not have and

did not result in any probable injury to appellants.

■ Appellants' points 8, 9 and 10 state the proposition that Mr. Winter, Jr. as manager of the theater could not have been within the scope of his authority in authorizing and permitting Mr. Winter, Sr. to drive the pickup to and from the theater because he knew that Mr. Winter, Sr. did not have a driver's license. It is urged that because it is a violation of the law to permit an unlicensed person to drive a car that is owned or under one's control, that therefore Mr. Winter, Jr. could not possibly have been within the scope of his authority, as the company could have never authorized him directly or indirectly to commit a crime, to wit, deliberately permit and direct an unauthorized person to drive a company vehicle. We do not believe there is merit in these points because the record shows that Mr. Winter, Jr. was the local manager, in charge of all company property. It was therefore certainly within the scope of his authority to designate who should look after and drive the pickup truck herein involved. The fact that in designating who should drive and control the truck he committed a misdemeanor by turning it over to a driver known by him to be unlicensed, would not of itself be such an act that would relieve the company of liability any more than an employer or owner would be relieved of liability if a truck driver or a traveling salesman ran a red light or exceeded the speed limit in direct violation of his orders, while he was on company business, so we do not believe this point can be sustained.

■ With regard to points 5, 6 and 7 it seems that we are bound to follow the reasoning of the Supreme Court in Southwest Dairy Products Company v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854. In the case before us there is nothing in the record anywhere to show direct or implied authority given to Mr. Winter, Sr. to make the detour necesary to take his grandson to school, nor can it be called a joint mission, because the deviation in route destroys the facts necessary to constitute the same as a joint mission. It seems to us that the force of the above case and the reasoning therein is inescapable in the present case, because of the clearly enunciated principle that an agent who while on an errand for his master deviates to attend to a matter not connected with or concerned with his master's business, exceeds his authority and the master is not responsible for his acts during such deviation.

This record is clear in establishing that the driver of the pickup was a projectionist at the theater, and had been in the course of his duties also driving the pickup to and from his home and the theater, but nowhere is it indicated that it was or could have been within the scope of his authority to take this little boy, his grandson, to school.

■ We therefore would ordinarily sustain these three points because of the above decision, but we are unable to do so in the present case because of the matters presented by appellees' counter-point 10. We believe that the language and the decision of Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, control this case. The Supreme Court there held that the turning over of an automobile to an unlicensed driver when the agent should have known that such driver was unlicensed, followed by the negligent operation of such unlicensed driver resulting in damage, established the causal connection necessary to render the owner or employer liable. The court held that when it was proved that defendant's agent permitted an unlicensed driver to operate defendant's vehicle, knowing or under the duty of knowing that the driver did not have a license, and that while so operating the vehicle the said driver negligently caused a collision resulting in damage and injury to plaintiff, that the plaintiff could recover from the defendant on the ground that his negligence in entrusting the car to an unlicensed driver was a proximate cause of the collision resulting in the injuries and damages to plaintiff. The reasoning in this case was later followed in Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016. The record here reveals that the elements enunciated in the Mundy case were present and proven in the instant case—in other words,

Mr. Winter, Jr. the manager, knowingly and as agent and local manager for the defendant company, entrusted the company car to a driver he knew to be unlicensed. This driver then was involved in a collision in which the jury found him to be at fault, and stated by their answers that his negligence caused the plaintiff's injuries and damages.

Therefore, it is unavoidable that the matter of deviation is not the controlling feature or issue of the instant case, as once having knowingly entrusted its vehicle to an unlicensed driver who negligently causes damage, the defendant is therefore and thereby guilty of negligence that is a proximate cause of plaintiff's injuries and damages. The matter of deviation from the normal route does not relieve the defendant from consequent liability for the acts of its agents under these circumstances. We therefore overrule appellants' points 5, 6 and 7, as we believe appellees' counterpoint 10 states grounds that control in this case. Mundy v. Pirie-Slaughter Motor Co., supra; Spratling v. Butler, supra.

Appellants' points are accordingly overruled, and the decision of the trial court affirmed.

McGILL, Justice (dissenting).

Appellants' 5th point is that since all of the evidence reflects that James L. Winter, Sr. had departed from the usual course of travel from his home to the theater for the purpose of carrying out a private mission, unauthorized by James L. Winter, Jr., or by Frontier Theatre, Inc., it follows as a matter of law that James L. Winter, Sr. could not have been the agent of Frontier Theatre at the time of the accident resulting in the injury to plaintiff, as all the facts reflect that he acted contrary to the authority granted him in connection with the use of the pickup truck, and that he was clearly on a private mission unconnected with the business of Frontier Theatre, Inc. at the time of the collision. It is true that the evidence shows that James L. Winter, Sr. on the occasion in question was taking the pickup truck from his home to the theater in the city of Crane, and that his usual route of travel from his home to the theater would not have been by way of the intersection of Sue and Sixth Street, where the accident occurred. It also appears that James L. Winter, Sr. had driven through the intersection of Sue & 6th Street for the purpose of taking his grandson to school, and that he did not have authority from Frontier Theatre or anyone else to use the pickup truck for the purpose of transporting his grandson to school.

I think that under the undisputed facts reflected by this record appellants' contention that at the time of the collision as a matter of law James L. Winter, Sr. was not acting within the scope of his employment for Frontier Theater must be sustained. Had it not been for his deviation for the purpose of taking his grandson to school he would not have been at the scene of the collision. It was a purpose of his own, and not of the Frontier Theater, that placed him there. Under this state of facts the Frontier Theater is not responsible for the injuries suffered by Michael David Whisenant as a result of the collision with the pickup truck; therefore the judgment of the trial court should be reversed and judgment here rendered that plaintiff take nothing as against Frontier Theatre, Inc. The judgment against James L. Winter, Sr. should be in all respects affirmed.