Pat Maloney, San Antonio, for appellant.

Hobart Huson, Jr., San Antonio, for appellee.

WILSON, Justice.

In a non-jury automobile collision case the court rendered judgment for defendant. The court made no findings of fact as to negligence or proximate cause, notwithstanding plaintiff's timely request for the findings and his subsequent written notice of the omission. The court concluded that "no act or omission adduced by the evidence concerning defendant's operation of his automobile was shown or proved to be negligence as a matter of law" or "shown to be a proximate cause of the collision as a matter of law."

Plaintiff's wife was traveling south on a four-lane expressway at dusk. She was alone. The two-lane portion of the highway on which she drove was one-way southbound and was separated from the two-lane northbound portion by a 45 foot median strip. She was traveling, as the court found, at a speed between 50 and 55 miles per hour. The headlights of her car, as well as those of others on the highway, except defendant's, were burning. The court found her headlights were burning; those of defendant's were not. It is undisputed, and the court found, that defendant's vehicle was being driven north in the wrong direction toward plaintiff's car on the one-way southbound portion of the

**C. W. FRAZIER, Appellant,**

v.

**Sgt. B. G. STENNETT, Appellee.**

**No. 4178.**

Court of Civil Appeals of Texas.

Waco.

Aug. 8, 1963.

Rehearing Denied Aug. 29, 1963.

highway. She discovered defendant's compact car meeting hers, first seeing it as the court found, when it was 10 or 15 feet in front of her automobile. There was a head-on collision in which she sustained serious injuries. The highway partolman investigating the accident testified, and the court found, that defendant's car left 154 feet of discernible skid marks. He testified defendant smelled strongly of alcoholic beverages and that a bottle of liquor one-fourth full was in his car. The officer had previously passed defendant, sitting in his parked car at the dead-end of an access road adjacent to the expressway. To reach the southbound lane from this point where access was controlled, defendant was required to enter at an exit, or cross the median strip.

Plaintiff pleaded eight acts of defendant's negligence as a proximate cause. Defendant pleaded no negligence on the part of plaintiff's wife; his pleading was a general denial. Defendant did not testify, and tendered no evidence.

The court concluded "as a matter of law the operation by defendant of his automobile in a northerly direction at the place where the collision occurred was not negligence per se." We sustain appellant's attack on this determination. The undisputed evidence and the findings of the court establish that defendant violated the provisions of Secs. 59(b) and 62 of Art. 6701d, Vernon's Ann.Tex.St., and operated his vehicle contrary to the statutory duties so imposed. His conduct was so opposed to the dictates of common prudence under the circumstances that it may be said without hesitation or doubt, that no person of ordinary prudence would have committed it. He was negligent as a matter of law. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039, 1040; Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590.

It is impossible to determine the basis for the judgment. Having made numerous evidentiary findings, and having failed to find on any other ultimate issue in the case despite request, the court filed "conclusions of law" reciting that no conduct of defendant was proved to be negligence or a proximate cause "as a matter of law." The court having refused request for further findings, appears to have refused to make additional requested findings (that defendant's act of driving his car in a northerly direction in the lane of traffic in which plaintiff's wife was driving was a proximate cause; or even that he was so driving it), on the ground they "were not supported by the evidence." Neither appellant nor this court can know therefrom whether judgment was based on a holding that such findings were without support in the evidence. If it was intended to determine there was no evidence to support the requested findings, the determination is erroneous. If the judgment may be said to rest on fact findings that defendant was not negligent in driving his car in a northerly direction under the circumstances, or that his negligence was not a proximate cause of the collision, we sustain plaintiff's contention that they were contrary to the overwhelming preponderance of the evidence.

Reversed and remanded.