AYRES, Judge.
This is an action in tort wherein plaintiff, in his individual capacity and as administrator of the estate of his minor son, Ronnie Ray Gibson, sought to recover of the named defendant, its employee, and insurer, damages for personal injuries and to property sustained by them in a motor vehicle collision of November 13, 1968, as well as to recover hospital and medical expenses incurred in the treatment of their injuries, and for loss of wages during the period of an alleged disability.
Alleging negligence on the part of plaintiff as a proximate cause of the accident, defendants Vining Oil Company, Inc., and Charles L. Vining, Sr., reconvened, the former, for damages sustained to its automobile, and the latter, for damages for personal injuries sustained by him. After trial plaintiff’s demands were expressly rejected as were defendants’ reconventional demands impliedly. From the judgment plaintiff appealed. Defendants neither appealed nor answered plaintiff’s appeal. Hence the reconventional demand is not a matter before this court. LSA-C.C.P. Art. 2133.
The primary issue relates to the fault or lack of fault or negligence on the part of the defendant Charles L. Vining, Sr. This is a factual issue which must be resolved on a basis of the proof contained in the record.
The accident occurred on State Highway 134, a two-lane asphalt-surfaced road in Richland Parish, near the residence of plaintiff’s father, Allen Gibson. The road at this point runs in a general east and west course. The Gibson residence is located on, and south of, the road with a driveway extending from the residence to the road. Involved in the accident were plaintiff’s Mercury, driven by him, accompanied by his minor son, and the named defendant’s Ford Thunderbird, operated by Charles L. Vining, Sr.
The record makes it clear that plaintiff stopped by his father’s residence to pick up his son. In doing so, he parked his car near that of his father’s which was parked parallel to the highway near the roadside ditch and driveway. Whether plaintiff’s car was parked on Vining’s near or far side of the senior Gibson’s car, as Vining approached the scene, is a matter concerning which there is a conflict in testimony. Plaintiff testified that his car was parked on the side approached by defendant’s car. However, Vining and his companion, C. A. Dean, testified that it was parked on the far side of the senior Gibson’s car where it could not be readily seen. The record nevertheless establishes that plaintiff drove his car forward from his father’s driveway, after which he turned to the right and proceeded easterly about 125 feet where the car was struck from the rear by the Vin-ing vehicle. The record further establishes that for some five or six miles before arriving at the scene of the accident a pickup truck preceded Vining’s automobile by a few hundred feet. As this truck passed Gibson’s residence plaintiff immediately drove behind it onto the highway. Plaintiff testified that he looked for other approaching traffic and, on seeing none, proceeded onto the highway. He was unaware of the approach of defendant’s vehicle until he heard a noise produced by Vin-ing’s application “of his brakes, at which time he estimated a distance of only 10 feet intervened between th e two cars.
*634 Vining- and Dean testified plaintiff drove from the far side of his father’s car, which obstructed his view, and that plaintiff suddenly and hurriedly drove his car and “shot” out into the highway in front of defendant’s vehicle. These witnesses further testified that plaintiff, in entering the highway and in making a turn to the right partially crossed over the center line of the highway, substantially blocking Vining’s effort to pass to the left of plaintiff’s car. This, Vining testified, was his first effort toward evasive action to prevent the collision.
Negligence charged to defendant’s driver consists of driving without lights, after dark, at an excessive rate of speed, and in failing to keep his vehicle under control or to maintain a proper lookout. It is further contended, in the alternative, that Vining had the last clear chance to avoid the accident but nevertheless failed to make an effort to do so. The evidence does not, in our opinion, substantiate any of these charges.
Vining and Dean testified the speed of the Vining vehicle was 55 to 60 m.p.h. as he drove the several miles along this highway prior to the accident; that such was their speed when they saw plaintiff’s car coming into the highway. Plaintiff could make no estimation of Vining’s speed although he contended it was excessive. He never saw defendant’s car before the collision, if indeed he saw it at all, until almost the moment of impact.
To establish that Vining’s speed was excessive, reliance is placed on the distance Vining skidded his car and the damage done. The distance skidded was 318 feet. This indicated to the state trooper who investigated the accident that Vining may have been traveling at a speed of as much as 75 m.p.h. The force of the impact, however, according to the trooper’s testimony, would have indicated a speed of 30 m.p.h. at the moment of the collision.
Gauging one’s speed by the distance that a car skids and the damage done by the force of an impact is subject to many conditions and imponderables. The showing made in the instant case is, in our opinion, insufficient to preponderate over the testimony of the two witnesses who were in position to observe the car’s speed. Moreover, we are not impressed that speed, even if slightly above the legal maximum, would have any causal connection with an accident under the facts and circumstances of this case where plaintiff drove onto a highway in front of defendant’s approaching car.
In Cone v. Smith, 76 So.2d 46, 49 (La.App.2d Cir. 1954 — writ denied), it was held that the proximate cause of the accident was the act of the approaching motorist in turning his vehicle far to the left on the highway directly in front of an oncoming automobile, and that the speed of the oncoming vehicle was not a contributing factor in the occurrence of the accident. This court made the following observations appropriate to the instant case:
“Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of the injury; that is to say — the injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. See: 60 C.J.S., Motor Vehicles, §§ 251, 252; Railway Express Agency v. Knebel, Tex.Civ.App., 226 S.W.2d 922; Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016; Knops v. Ordorica, Tex.Civ.App., 242 S.W.2d 454.
“That Smith drove at a great, excessive and reckless rate of speed, which speed was in excess of fifty-five miles per hour, contrary to law, is subject to the requirements of law above stated and the factor of speed in order to create liability must not only cause the injury but must be a proximate cause of the injury. *635 It is admitted that Smith was traveling at a speed of from eighty-five to ninety miles per hour when he first observed the approaching Robinson vehicle. After weighing every implication of this fact we still must find that the conduct of Robinson was the sole cause of the collision and the speed of the Smith vehicle was not a contributing factor.”
With respect to the charge of defendant driver’s failure to have his car lights on, the testimony shows that, though it was between sundown and dark, it was not in fact dark. The accident occurred about 5 :30 p.m. The trooper received a call with reference thereto at 5:43 p.m. and arrived at the scene at 6:20 p.m. He first testified that he had no flashlight and that he investigated the accident without the aid of a flashlight. Later he testified he was not certain of that fact. However, the skid-marks, he said, were clearly discernible. These he measured by stepping them off. The testimony nevertheless showed that defendant’s parking lights were on. Obviously, plaintiff had no difficulty in seeing the pickup truck immediately preceding defendant’s car. The fact that not only Vining but his companion saw plaintiff’s car as it emerged from behind his father’s car and entered the highway and that Vining immediately took evasive action, first, to pass to the left of plaintiff’s vehicle, and, then, to immediately apply his brakes and skid his car, disproves the charges Vining was not maintaining a proper lookout or that he failed to have his car under control.
Nor do we find any merit in the charge Vining had the last clear chance to avoid the collision. The rule is that the doctrine of last clear chance is applicable only when (1) plaintiff has placed himself in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) defendant could or should, by the exercise of reasonable care, have discovered plaintiff’s peril, and (3) defendant at the time could or should, by the exercise of reasonable care, have avoided the accident.
Evans v. Thorpe, 175 So.2d 418, 423-424 (La.App., 2d Cir. 1965);
Goodman v. Southern Farm Bureau Cas. Ins. Co., 216 So.2d 881, 885 (La.App., 2d Cir. 1968).
When plaintiff suddenly drove upon the highway in view of the near approach of defendant’s oncoming vehicle, defendant’s driver had neither time, distance, nor opportunity to do more than he did or to take more effective evasive action to prevent the accident.
We are convinced, from our review of the record, as the judgment appealed indicates the trial court was convinced, that plaintiff’s action in suddenly driving onto the highway despite the near approach of defendant’s vehicle precipitated the condition which produced the collision.
For these reasons, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.