**Hoy J. MORGAN et al., Appellants,**

**v.**

**Eloy VALDEZ, Appellee.**

**No. 11778.**

Court of Civil Appeals of Texas,
Austin.

Nov. 18, 1970.

Rehearing Denied Dec. 9, 1970.

Bowmer, Courtney & Burleson, Jim D. Bowmer, Bob Burleson, Temple, for appellants.

Daniel, Brown & Tarver, Jack M. Tarver, Temple, for appellee.

PHILLIPS, Chief Justice.

This case is before us on appeal from a summary judgment.

The question is whether Appellee negligently entrusted his car to one Goodell who, later, drove off in the car and injured the Appellants.

The trial court granted a summary judgment for Appellee, hence this appeal.

We reverse the judgment of the trial court and remand the case for trial.

Appellants are before us on five points of error, briefed together. The gist of the first four points [1] is that fact issues were

---

1. "FIRST POINT: The Appellee failed to meet his burden of proving that as a matter of law there is no genuine issue of fact as to one or more elements of Appellants' cause of action, and the summary judgment was therefore improper; SECOND POINT: The pleadings and depositions on file raise fact questions

raised when Appellee gave the ignition key of his car to an intoxicated man and that this was negligence proximately causing the Appellants' damages; whether Appellee could reasonably rely upon his admonition to an intoxicated man not to drive the car.

We sustain these points.

Both Appellee and Goodell were soldiers stationed at Fort Hood. On the afternoon of the collision, during daylight hours, Appellee and Goodell, both in Appellee's sports-type automobile, drove to a club where they purchased a bottle of whisky. After this, they went to several clubs where they drank some whisky and had a few beers. Without going into detail here with respect to the amount of drinking engaged in by both of these parties, there is sufficient evidence in the depositions before us from which a jury could have found excessive drinking on the part of both.

Somewhat after dark, Goodell who admitted that he was "a little tight," began to feel as if he wanted to lie down somewhere. Goodell asked Appellee for the keys to his car so that he could go out and lie in it for a while. Appellee handed Goodell the ignition keys alleging that as he handed the keys to Goodell he said, "here are the keys, go lay down, but don't take off in my car."

About fifteen minutes later Appellee looked out the window and saw that his car was gone. Goodell had driven the car away, collided into the rear end of Appellants' car and was himself injured to a point where he was unconscious for a day and a half. Appellants were also seriously injured in the collision.

In the deposition we note that Appellee was asked what he did when he discovered that the car was gone. His answer was, "well, I panicked. I told all the guys about it and we went looking for it." In another exchange he was asked, "You hadn't called the M.P.'s and you hadn't called the Highway Patrol or the police?" His answer was, "No, I was just shook up. I didn't know what to do. I was more concerned about finding my car than anything." It is also apparent that when Appellee told Goodell not to drive the car that he had certain misgivings as to Goodell's condition.

We hold that under these facts, when Appellee entrusted Goodell with the ignition keys when Goodell was, possibly intoxicated, presented a jury question as to whether Appellee was negligent in giving the key to Goodell and whether, under these circumstances, he was entitled to rely upon his alleged admonition that Goodell not drive the car. It is common knowledge that persons under the influence of intoxicants are unreliable and unpredictable and that Appellee was charged with knowledge of this fact of life and was under a legal duty to act accordingly. A logical inference from the statements made by Appellee, quoted above, indicates his alarm and concern over the fact that his car was being driven by Goodell. Our courts have repeatedly held that it is a matter of common knowledge, of which all persons are charged with notice, that drinking intoxicants makes a person unsuited to drive a car and also makes them inherently untrustworthy and unreliable. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952); Peveto v. Smith, 113 S.W.2d 216 (Tex. Civ.App., Beaumont, 1937).

for the jury concerning the negligence of Appellee, precluding a summary judgment in his favor; THIRD POINT: Issues of fact for the jury were raised with respect to whether the act of Appellee in giving the ignition key to his car to an intoxicated man was negligence proximately causing the Appellants' damages, precluding any summary judgment for the

Appellee and FOURTH POINT: Issues of fact for the jury were raised with respect to whether Appellee could reasonably rely upon any assurance, if any, by John A. Goodell that he would not drive off in Appellee's car, in view of the physical and mental condition of the parties at the time of the transaction in question."

Spratling v. Butler, 150 Tex. 369, 240 S. W.2d 1016 (1951), stated the law of the case to be:

"If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person."

In holding against the negligent entrustor *Spratling* discounted the argument that the driver was driving the truck "against the orders and without permission of the owner and on a mission of his own."

In a very recent case with no writ history, the Fourteenth Court of Civil Appeals in Houston, Revisore v. West, 450 S.W.2d 361 (1970), in holding the entrustor liable for turning his car over to a minor who had been drinking had this to say:

"There is no question that an entrustee's previous driving record or driving habits may show incompetence, recklessness or intemperance. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (Com.App.1939); Mundy v. Pirie-Slaughter Motor Co., supra [146 Tex. 314, 206 S.W.2d 587]; Broesche v. Bullock, supra [427 S.W.2d 89 (Tex.Civ.App.)]. Such showing, however, is not limited to evidence of previous driving experiences. Equal or greater credence may be attached to the condition, state, or situation of an entrustee at the time he is loaned an automobile. An entrustment may be deemed negligent where an entrustee is physically or mentally incapacitated, intoxicated or for any reason lacking in judgment or perception. In such instances knowledge of the entrustor of the incompetency or recklessness of the driver is apparent. Such factors may evidence negligence on the part of the entrustor who, oblivious to them or their potential impact, entrusts an automobile under the circumstances here prevailing."

Appellee contends that the cases cited above are distinguishable from that at bar because they involve situations where the cars were entrusted for the purpose of driving them. We do not agree. As pointed out above, under the circumstances before us, a reasonably prudent man could be charged with the knowledge that the car would be driven exactly as it was. By handing the keys to Goodell, the automobile was made available to him.

Appellants' fifth point is that issues of fact were raised for the jury with respect to whether Appellee actually gave any instruction to John A. Goodell about the driving of the car, precluding summary judgment. Inasmuch as we have reversed this case for trial on the merits we need not discuss this point.

We hold that the summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of Appellants' cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970).

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.