**William T. GREEN and Sharon Green, Individually and Next Friend of Allison Lee Green, a Minor, Appellant,**

v.

**TEXAS ELECTRICAL WHOLESALERS, INC., Appellee.**

**No. 01–81–0825–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 8, 1982.

Don Kilpatrick, Houston, for appellants.

Mary Markantonis, Houston, Guardian Ad Litem for minor, appellant.

Charles Hurd, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and PRICE and BASS, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a personal injury suit wherein the defendant, appellee, Texas Electrical Wholesalers, Inc. (TEW) was found not to be liable for the collision in question. However, in answering the special issues, the jury found that the plaintiffs-appellants were entitled to damages.

Stephen David Culver was employed by TEW as a warehouse worker and fill-in driver. On Friday, September 23, 1977, Culver was authorized by Bill Lynn, a supervisor, to take a company truck, to make

a delivery. Mr. Lynn told Culver to make the delivery at 4:30 p.m. because TEW closed at 5:00 p.m. Mr. Lynn knew that Culver would not be able to return before the business closed. According to Mr. Lynn, Culver was told to park the truck in the front parking lot of TEW, which was not fenced in, and to leave the keys in the "small slot". This was due to the fact that after TEW closes, there is no way for a driver to return a truck to the locked fenced-in lot where trucks are normally kept, unless the driver has a key. Culver failed to return the truck to the company on September 23, as instructed. On the following day, Saturday, September 24, 1977, while driving the truck entrusted to him the previous day, Culver drove the truck across the center line and into the lane in which appellants were traveling, causing a collision. Appellants filed suit for damages because of the injuries received and proceeded to seek recovery on the theory of negligent entrustment.

The appellants raise five points of error, four of which relate to Special Issue No. 1.

In their first point of error, appellants contend that the trial court erred in submitting to the jury, over objection special issue No. 1, because the phrase, "occurrence in question", referred to the time of the accident rather than the time of the alleged entrustment, which they claim was controlling time in the case. In their second and third points of error, appellants contend that there was both no evidence and insufficient evidence to support the jury's answer to special issue No. 1 and thus the trial court erred in entering judgment thereon. In their fourth point of error, appellants argue that the trial court erred in refusing to submit the appellants' requested issue No. 1, which stated: "Do you find from a preponderance of the evidence that Defendant, Texas Electrical Wholesalers, Inc. gave Stephen David Culver permission to drive or operate the vehicle in question at the time he initially took control of that vehicle?"

The main issues in this case revolve around Special Issue No. 1, as submitted to the jury:

Do you find from a preponderance of the evidence that at the time of the occurrence in question, Stephen Culver was driving the vehicle in question with permission of Texas Electrical Wholesalers?

The jury answered "we do not". A negative finding on this issue precluded the jury from answering the next three special issues, each of which were elements of the appellants' cause of action. Appellants argue that for the purposes of recovery under a negligent entrustment theory, the controlling factor is not whether the appellee was negligent in entrusting Culver with the truck at the time the collision took place, but whether the entrustment was made negligently on the previous day when appellee gave Culver the truck to make a delivery. Thus, they contend, the trial court erred in refusing to submit their requested Special Issue No. 1:

Appellee's response is that this theory would unnecessarily extend the scope of liability on the part of TEW. The appellee contends that as an entruster, it should be exposed only to a reasonable scope of liability. Appellee's argument is that Culver was: 1) instructed to return the truck to TEW after he made his delivery and leave the keys in the mail slot; 2) told never to use the truck on personal business; and 3) denied permission to use the truck on the day the accident in question occurred. Thus, appellee maintains, the issue that is of the greatest importance is whether there was permission to drive the truck at the time the accident took place. Appellee asserts that to hold TEW liable for entrustment at a time when no permission to drive the truck was given would be an unreasonable extension of liability.

The basis of responsibility under the doctrine of negligent entrustment is the owner's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into a driver's control with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver. *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206

S.W.2d 587 (Tex.1947). In order to establish the owner's liability under such doctrine, *Mundy* sets out the requisite elements:

(1) Entrustment by the owner;

(2) Negligence in entrustment to a driver who the owner knows or should have known is a reckless or incompetent driver;

(3) Negligence by the driver on the occasion in question; and

(4) Driver's negligence was the proximate cause of the occurrence in question.

See also *Hines v. Nelson,* 547 S.W.2d 378 (Tex.Civ.App.—Tyler 1977, no writ); *Arias v. Aguilar,* 515 S.W.2d 313 (Tex.Civ.App.—Corpus Christi 1974, no writ). A finding of proximate cause as between the driver and the injured party will establish a causal connection between the owner and the injured party. Such a finding requires that all elements of proximate cause, including the element of foreseeability, be imputed to the owner. *Spratling v. Butler,* 150 Tex. 369, 240 S.W.2d 1016 (Tex.1951); *McIntire v. Sellers,* 311 S.W.2d 886 (Tex.Civ.App.—Austin 1958, ref'd n.r.e.). Consequently matters of deviation, whereby one who has been properly entrusted with a vehicle disobeys a direct order and goes on a mission of his own without permission, are without consideration and significance in a case of negligent entrustment. *Spratling v. Butler, supra; Frontier Theatre v. Whisenant,* 291 S.W.2d 395 (Tex.Civ.App.—El Paso 1956, no writ); *McIntire v. Sellers, supra.*

■ In the instant case, the trial court submitted, in Special Issue Number 1, the controlling time of the entrustment as being the time of the accident. This was an incorrect submission and properly objected to by the appellants. The controlling event of the case was the entrustment of the vehicle to Culver the day before the accident, when he was instructed to carry out an assignment for his employer. The jury should have been so charged. Appellants' points of error one and four are sustained.

In points two and three appellant's complain about the sufficiency of the evidence to support the jury's answer to Special Issue No. 1. In view of our treatment of points one and four we find it unnecessary to discuss the quality of the evidence in support of a noncontrolling issue.

■ In their fifth point of error, appellants contend that the trial court erred in overruling their bill of exception to allow testimony of a spontaneous utterance made by Culver to appellant, William T. Greene, at the scene of the accident. Appellants attempted to introduce the statement, "I am sorry, I have to get my truck to the shop," made by Culver immediately after the accident, and the court refused to allow it into evidence. Appellants then made their bill of exception. The purpose of the offer, according to appellants, was to show appellee's liability for negligence by claiming the statement showed that Culver was in the course and scope of his employment at the time of the accident. Appellants contend that the statement was admissible as a spontaneous utterance under the doctrine of res gestae.

In *Big Mack Trucking Co., Inc., v. Dickerson,* 497 S.W.2d 283 (Tex.1973) the Supreme Court held that:

An agent's hearsay statements should be received against the principal as vicarious admissions only when the trial judge finds, as a preliminary fact, that the statements were authorized.

In the present case, the trial court was correct in finding that the statement made was not authorized by appellee. Thus, there was no error in the exclusion of this portion of Mr. Greene's testimony. Appellants' fifth point of error is overruled.

■ The appellee, TEW, has filed two cross-points. In their first point, the appellee contends that the trial court erred in taxing against defendant the cost of the attorney's fees of the guardian ad litem of Allison Lee Greene, a minor, in absence of a showing of good cause stated into the record. In their second cross-point, appellee contends that the docket entry of October 12, 1981, taxing costs of $1,145.00 for guardian ad litem attorney's fees against defendant, cannot be enforced in absence of a court order.

Appellee contends that the judgment originally awarded attorney's fees for the guardian ad litem against the appellees in the amount of $1,500.00, and that the guardian ad litem later had the judge award her an additional $1,145.00 as attorney's fees. Appellee states that it paid the initial $1,500.00 without objection but now contends that no additional costs should have been taxed against appellee since they were the prevailing party, no good cause for the costs were shown, and no court order exists to enforce them.

The record is devoid of any judgment or order assessing the $1,145.00 cost. The only indication in the record that such a cost was assessed against the appellee is a docket entry that states: "October 12, 1981—m/atty. fees for ad litem set at $1,145.00 taxed as cost against defendant." Because dockets sheets are not evidence and no judgment or order awarding the $1,145.00 is present in the record, we have nothing to review on appeal. Appellee's two cross-points are overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.