HOOD, Judge.
Roy Compton instituted this suit for damages for personal injuries sustained by *70 him when the pickup truck he was driving was struck from the rear by an automobile being drive by William P. Haynes. The defendants are Haynes, his employer, Independent Mill & Gin, Inc., and its insurer, Travelers Indemnity Company. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The issues presented are whether Haynes was negligent, whether plaintiff is barred from recovery by his own contributory negligence, and whether Haynes had the last clear chance to avoid the accident.
The accident occurred at about 6:10 P. M. on October 29, 1969, on Louisiana Highway 71, in Rapides Parish. The road at the site of the accident is a level, two lane, blacktopped highway, running generally north and south. The shoulder on the east side of the road is narrow, and there is a steep slope from the outside edge of that shoulder down to a bayou which runs parallel to the highway. The accident occurred about dusk, but the weather was clear and dry, and except for the approaching darkness visibility was good. The speed limit on the highway in that area was 60 miles per hour.
Plaintiff’s home is located on the west side of the highway, and a private driveway leads from his premises to the road. Shortly before the accident occurred plaintiff drove his pickup truck out of his driveway onto the heavily traveled public road, turned to his left, and proceeded to drive northward in the northbound lane of traffic of the highway. When he reached a point 99 feet north of his driveway, the right rear part of his truck was struck by the left front part of an automobile which was owned by Independent Mill & Gin, Inc., and was being driven by the latter’s employee, Haynes. Plaintiff sustained personal injuries as a result of that collision.
Plaintiff concedes that he did not stop before driving onto the highway, and that he did not see the Haynes automobile at any time before the collision occurred. He testified that he entered the highway at a speed of about 15 miles per hour, and that he was driving about 30 or 35 miles per hour when the collision occurred.
Haynes testified that he was driving at a speed of about 60 miles per hour as he approached the point where the accident occurred, and that he was from 80 to 100 yards behind the truck when he first observed it ahead of him. He stated that he applied his brakes immediately and turned to his right in an attempt to go around the truck, but that he failed to make it, and a collision occurred.
The evidence shows that the Haynes’ automobile skidded a distance of 108 feet up to the point of impact, and that it skidded 75 feet further after the collision occurred. Both vehicles were damaged extensively as a result of the accident.
The evidence is conflicting as to the speed at which defendant Haynes was driving when he first observed plaintiff’s truck ahead of him. Plaintiff contends that Haynes was driving at a speed of 80 or 85 miles per hour immediately before the accident occurred. He bases that contention on the testimony of an eye witness who estimated that Haynes was driving that fast, and on physical facts surrounding the accident, including the skid marks which were left by the Haynes’ vehicle. Haynes testified that he was driving approximately 60 miles per hour as he approached the truck, and his testimony is supported to some extent by that of Mr. Joseph Hampton Barnwell, a professor of mechanical engineering, who was qualified and accepted as an expert in reconstructing automobile accidents.
There also is a conflict in the testimony as to whether the headlights and the tail lights of the truck were burning, and as to whether the headlights of the Haynes’ automobile were on immediately before and at the time the collision occurred. Compton testified that the headlights and tail lights of the truck were burning when he entered the highway, and that they remained on until the accident occurred. *71 His testimony to that effect was supported by that of his nephew, who was a passenger in the truck, and by that of a neighbor who witnessed the accident. Haynes testified that he saw no headlights or tail lights on the truck when he approached that vehicle. With reference to the lights on the Haynes’ automobile, Haynes testified that his lights were on, and that he placed them on dimmers shortly before the collision occurred because he met and passed another vehicle as he rounded a curve in the highway just before he came upon the truck. Compton and his nephew testified that they saw no lights on the Haynes’ car as it approached and ran into the rear of the truck.
We think the evidence preponderates to the effect that defendant Haynes was driving at a speed of about 60 miles per hour before and at the time the accident occurred, and that the headlights and tail lights of both vehicles were burning immediately before and at the time of the collision.
LSA-R.S. 32-124 provides that the driver of a vehicle about to enter a highway from a private driveway “shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”
In Gibson v. Vining Oil Co., 236 So.2d 632 (La.App. 2 Cir. 1970), plaintiff entered the highway from a private driveway, and traveled a distance of 125 feet on the highway before he was struck from the rear by defendant’s overtaking vehicle. The following motorist skidded 318 feet before colliding with plaintiff, and he obviously was driving in excess of the 60 mile per hour speed limit. In that case, as in the instant suit, the accident occurred between sundown and dark, and plaintiff did not see the approaching motorist as he entered the highway. The Second Circuit Court of Appeal held that “plaintiff’s action in suddenly driving onto the highway despite the near approach of defendant’s vehicle precipitated the condition which produced the collision.” It, accordingly, affirmed the judgment of the trial court rejecting plaintiff’s demands.
In Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3 Cir. 1962), a motorist entered a public highway from a private parking lot and proceeded to travel eastward on the highway. He drove a distance of at least 290 feet from the parking lot before a rear end collision (between two following vehicles) occurred. We held that the motorist who drove out of the parking lot onto the highway in front of oncoming traffic was negligent “in entering the highway from a private parking area directly in front of the approaching * * * vehicles, when it should have been obvious to him that he could not do so in safety.” In that opinion we noted that:
“In the absence of unusual circumstances, this statute (now LSA-R.S. 32:124) places a much greater duty of care upon the driver of a vehicle who is entering the public highway from a private road than it does upon the driver who is proceeding upon that highway.”
In the instant suit plaintiff Compton failed to observe the Haynes’ vehicle approaching before he proceeded to enter the highway. The evidence indicates that he could have seen the approaching vehicle if he had made a reasonable effort to do so, and that had he looked it would have been apparent to him that he could not have entered the highway in front of the approaching vehicle with safety.
In our opinion, the rule which was applied in the last two cited cases is applicable here. We conclude, therefore, that plaintiff Compton was negligent in entering the public highway from his private driveway without first determining whether such a maneuver could be made in safety, and without yielding the right of way to vehicles approaching on the highway. His negligence in that respect was a proximate and contributing cause of the accident, barring him from recovery.
*72 Since we have concluded that plaintiff is barred from recovery by his own contributory negligence, it is unnecessary for us to consider the question of whether Haynes also was negligent.
Plaintiff argues, alternatively, that defendant Playnes had the last clear chance to avoid the accident. He contends that Haynes could have avoided the accident, after discovering plaintiff’s peril, by crossing into the southbound or passing lane of traffic, and going around the left side of the Compton truck.
Before the doctrine of last clear chance may be given effect, three essential facts must be established: First, that plaintiff was in a position of peril of which he was either unaware or from which he was unable to extricate himself; second, that the defendant discovered, or by the exercise of reasonable diligence he should have discovered, plaintiff’s peril; and third, that at such time the defendant, with the exercise of reasonable care, could have avoided the accident. Evans v. Thorpe, 175 So.2d 418 (La.App. 2 Cir. 1965).
In the instant suit, we find that defendant Haynes did not have an opportunity to avoid the accident after he should have discovered plaintiff’s peril, and that the third element of proof required for the application of the last clear chance doctrine thus is lacking. In a written statement signed by plaintiff Compton prior to trial, plaintiff stated that “the reason the other man didn’t go around me was because a car was coming south on the other side of the road.” Also, the evidence shows that Haynes attempted to go around the right side of the truck without success, and there is nothing to indicate that he would have been more successful had he attempted to go around on the left side of that vehicle. The evidence thus fails to show that Haynes had the last clear chance to avoid the accident.
After reviewing all of the facts and the arguments of counsel, our conclusion is that the trial court did not err in rejecting plaintiff’s demands.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.