**Jose ARIAS et al., Appellants,**

v.

**Agapito AGUILAR et al., Appellees.**

**No. 895.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 24, 1974.

L. Aron Pena, Pena, McDonald, Gutierrez & Prestia, Edinburg, Asa V. Bland, Jr., Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellants.

Eddington & Friloux, Houston, C. Pearce Schaudies, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

This is a suit for damages which resulted from a head-on collision between two automobiles. The accident occurred in Brownsville, Texas, around midnight, March 20, 1971. Six people were killed and three were injured. Following a non-jury trial, a joint and several judgment was rendered against the defendants Susana M. Garcia, Bernabe Garcia and Jose Arias, who have appealed.

Findings of fact and conclusions of law were filed. The court, among other findings, found: on March 20, 1971, Susana M. Garcia owned a Buick automobile; and that on that date Susana M. Garcia and her husband, Bernabe Garcia, negligently entrusted the automobile to Jose Arias. The court concluded that under the doctrine of negligent entrustment, plaintiffs were entitled to judgment against Susana M. Garcia and husband, Bernabe Garcia, for the negligence of Jose Arias. The finding relating to ownership of the Buick is challenged by Point 3, a "no evidence" point. The other finding is attacked by Points 1 and 4, "no evidence" points, and by Point 2, an "against the weight of the evidence" point.

It was stipulated that on March 20, 1971, Jose Luis Aguilar, who was killed in the accident, was operating a Chevrolet automobile in a southerly direction on U. S. Highway 77 in Brownsville, Texas, when the Buick, registered in the name of Susana M. Garcia, and operated by Jose Arias, entered the highway (an expressway) by an exit ramp against the permissive flow of traffic and collided head-on with the vehicle driven by Jose Luis Aguilar. It was further stipulated that the negligence of Jose Arias in entering the expressway in the wrong direction was the proximate cause of the collision.

Carlos Garcia, age 37, the son of Susana M. Garcia and Bernabe Garcia, who was riding as a passenger in the Buick, was killed in the collision; Jose Arias was injured. Five members of the Aguilar family were also killed in the accident and two members thereof were injured; they were riding in the Chevrolet.

It is undisputed that Susana M. Garcia was making payments on the Buick on March 20, 1971. She admitted that she owned the Buick. It was part of the community property of Susana M. Garcia and Bernabe Garcia. Carlos Garcia kept the keys to the Buick and used it pretty much as he desired. Neither Susana M. Garcia nor Bernabe Garcia had a driver's license, and neither knew how to drive an automobile. There is no evidence of probative value that Carlos Garcia was the equitable owner of the Buick on the day of the accident, as insisted by defendants. The finding that Susana M. Garcia owned the Buick is supported by ample evidence. Point 3 is overruled.

Plaintiffs' cause of action was tried on the theory that Susana M. Garcia and husband, Bernabe Garcia, the owners of the Buick, negligently entrusted the Buick to Jose Arias. Defendants contest the finding of negligent entrustment solely upon the ground that there is no proof that Jose Arias had the permission, express or implied, of either Susana M. Garcia or Bernabe Garcia, to drive the Buick on the occasion in question.

## 316

Article 6687b, § 36, Vernon's Ann. Civ.St., provides that no person shall authorize or knowingly permit a vehicle owned by him or under his control to be driven on any highway by a person who does not have a valid driver's license. The entrustment of a vehicle to a person who does not have a valid driver's license is negligence per se. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590 (1947).

Under the general rule in Texas, in order to impose liability against the owner of an automobile, where damages result from an accident in which his automobile is involved, assuming actionable negligence on the part of the driver, it must be established that the driver was using the automobile either at the owner's direction or in the furtherance of the owner's interest or business; an exception to this rule is where the owner knowingly entrusts the vehicle to an incompetent, reckless or unlicensed driver, and such driver's negligence proximately causes the accident upon which suit is instituted. Hanson v. Green, 339 S.W.2d 381 (Tex.Civ. App.—Texarkana 1960, writ ref'd). If, after the automobile is knowingly entrusted to an incompetent, reckless or unlicensed driver, and such driver operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in entrusting the automobile to him and the damage to the third person. Mundy v. Pirie-Slaughter Motor Co., supra.

The issue of negligent entrustment of the Buick to Jose Arias at the time of the collision must be resolved by the testimony of Susana M. Garcia, Jose Arias and Lionel Robles. Bernabe Garcia did not testify. All parties will hereafter be referred to by their first names.

Susana testified, as follows: at and for some time preceding March 20, 1971, she and her husband, Bernabe, owned a grocery store in Raymondville, Texas; the store was managed by their son, Carlos, and Jose and Lionel were employees who worked in the store; they owned a car and a pickup; Carlos lived at her house; Carlos was drinking in the early afternoon of March 20, 1971, and she (Susana) talked to him at the store about 6:00 p. m., and again at the house at about 7:00 p. m., when he told her that he was going to bed; sometime after 7:00 p. m., she discovered that Carlos was not at home; she requested that Jose go with her in the pickup to look for him; Jose drove the pickup to a bar, where they found him; shortly thereafter, Jose drove her back to the store in the pickup; Jose then left; she did not know where Jose went or what he did from that moment forward; she did not ask "Jose to go back to the bar and stay with Carlos"; she admitted that she knew that Jose did not have a driver's license at any time pertinent to this case.

Jose testified that at about 6:00 p. m. on March 20, 1971, both Susana and Bernabe asked him to go with Susana to find Carlos, and that they found him in a saloon in Raymondville. In connection with whether Jose had been asked by Susana and Bernabe to take care of Carlos on occasions prior to the day of the accident, Jose was asked:

"Q Had you driven Carlos around to different bars and places while he was drinking?

A Yes, sir. Before.

Q And the mother always wanted you to go with him so he wouldn't have a wreck or get in trouble?

A Yes, sir.

Q Did he drink quite a lot?

A Sometimes.

Q And it was only when he was drinking that they would have you go along to drive their car to take him where he wanted to go; is that right?

A Well, I guess so. Yes, sir."

Jose further testified that after Carlos had been located, Susana asked "for me to stay with him and for me to take her back to the store in the pickup". Carlos, however, gave him the keys to the Buick and told him to take Susana home. He stated that he drove her back to the store in the Buick; his exact words were: "that time I took the car".

There is evidence that Susana particularly requested that Jose take care of Carlos on the occasion in question. The following questions asked of Jose and his answers thereto appear in the statement of facts.

"Q Well, how come you had his mother's car?

A Well, you know, she said for me to stay there with him, you know.

Q For you to stay with Carlos?

A Yes.

Q At the saloon or bar?

A Yes, sir. . . ."

\* \* \* \* \* \*

"Q Well, but on this particular night of the wreck Carlos' mother told you to go with him and take care of him?

A Yes, sir.

Q And you were doing it pursuant to her instructions?

A Yes, sir."

After he had driven Susana back to the store, Jose said that Lionel brought "me back over there to the saloon and he took the pickup back home and we stayed there". Jose and Carlos left Raymondville in the Buick and went to Harlingen, where they remained for a short time; they returned to Raymondville and picked up Lionel at about 9:30 p. m.; they drove around in the vicinity of Raymondville for about an hour, during which interval the three drank twelve cans of beer; Lionel was taken home at about 10:30 p. m., and Jose and

Carlos proceeded to Brownsville, where the collision took place.

Lionel testified, as follows: Carlos left the store in the evening of March 20, 1971 in the Buick; a little after 9:00 p. m., he and Bernabe went to look for Carlos; they used the pickup; they could not find him; he drove Bernabe back to the store, and took the pickup to his home; shortly thereafter, Carlos and Jose came to his home, and all three went to a restaurant in Raymondville; they were in the Buick, and Carlos was driving at that time; later in the evening, he (Lionel) drove the car; following a stop for beer, Jose occupied the driver's seat of the car and refused to let him drive, whereupon, Jose drove him (Lionel) home; he did not see either Carlos or Jose afterwards.

 The "no evidence" points require us to consider only the inferences favorable to the questioned findings and to disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.Sup.1965). The "against the weight of the evidence" point requires that we consider and weigh all of the evidence presented by the record, including evidence which tends to prove the existence of vital facts as well as evidence which tends to disprove their existence. Southern Pacific Company v. Stanley, 473 S.W.2d 52 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); Missouri-Kansas-Texas R. Co. of Texas v. Anderson, 258 S.W.2d 375 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.). The finder of facts may draw reasonable inferences and deductions from the evidence adduced before it. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

 Plaintiffs had the burden of proving that at the time of the accident Jose was driving the Buick with the permission of the owner thereof. Permission to drive a vehicle may be express or implied. Firestone Tire and Rubber Company v. Blacksher, 477 S.W.2d 338 (Tex.

Civ.App.—El Paso 1972, no writ), and the cases cited therein. Plaintiffs were not required to discharge that burden by direct evidence, but could do so by circumstantial evidence; however, to do so, there must be facts in evidence which give rise to a reasonable inference that Jose did have such permission.

The evidence shows that the pickup was used exclusively for business, and the store was still open for business when Susana and Jose returned there from the bar. While there is no evidence as to how Lionel transported Jose from the store back to the bar, or how the pickup was returned to the store, we do not consider those factors as being controlling. They had nothing to do with whether or not Jose had permission to drive the Buick.

There is direct evidence that Jose had the permission of both Susana and Bernabe to drive the Buick following Susana's return to the store from the bar. Susana knowingly permitted Jose to drive not only the Buick on many prior occasions, but specifically instructed Jose to drive the pickup earlier in the evening in question, knowing that he was an unlicensed driver. It was clearly established by the evidence that on various occasions in the past when Carlos had been drinking, Susana and Bernabe expressly directed Jose to drive the Buick and to take Carlos where he wanted to go. Carlos was drinking when Susana and Jose found him at the bar in the early evening of March 20, 1971; Susana told Jose to stay with Carlos and to take care of him. Carlos had possession of the Buick at that time, but surrendered possession thereof to Jose, all with the tacit approval of Susana. There is a conflict in the evidence as to whether or not Jose drove Susana back to the store in the Buick; Susana said that Jose drove her in the pickup; Jose said that he drove the "car". Apparently, the trial court chose to believe Jose. In that posture of the evidence, Jose had the permission of Susana to drive the Buick from the bar to the store, since, according to Jose's testimony, she rode with him on that occasion. After arrival at the store, Susana did not countermand the express instructions previously given to Jose, nor did she withdraw the request that she had made earlier in the evening to Jose that he stay with Carlos and take care of him; she did not ask Jose for the keys to the Buick, and she did not forbid him to continue to drive the Buick. If she did not want Jose to use the Buick, she was under a duty to say so; this, she did not do.

Even if it be considered that there was no direct evidence that Jose had the express permission of the owner to use the Buick at the exact time in question, irrespective of whether Susana returned to the store in either the pickup or the Buick, it can reasonably be inferred that Susana knew that Jose would return to the bar, and knew that he would use the Buick to drive Carlos where he (Carlos) wanted to go. Jose simply carried out Susana's instructions of long standing which were never changed or revoked, and he did exactly what he had been told to do in the past under similar circumstances and conditions; he stayed with Carlos and drove him in the Buick wherever Carlos wanted to go.

We hold that the evidence is sufficient to sustain the finding by the trial court that the Buick was negligently entrusted to Jose on the occasion in question. That finding is not against the weight of the evidence. The driving of the Buick by Jose on the night of March 20, 1971 at all times subsequent to the time that Susana returned to the store from the bar was with the consent, both express and implied, of the owner of that automobile. The Buick was knowingly entrusted by Susana to Jose, an unlicensed driver. Such act constituted negligence per se. Jose's negligence proximately caused the accident and the injuries and damages for which plaintiffs sued. Causal connection is shown between the negligence of Susana in en-

trusting the Buick to Jose and the damages sustained by plaintiffs. Defendants' points 1, 2 and 4 are overruled.

The judgment of the trial court is affirmed.