ACCEPTED
13-15-00329-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/7/2015 4:58:15 PM
Dorian E. Ramirez
CLERK

## 13-15-00329-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/8/2015 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT OF TEXAS

## STEVEN WALTERS
## V.
## ALLWAYS AUTO GROUP, LTD.
## D/B/A ATASCOSA CHRYSLER DODGE JEEP RAM

## BRIEF OF APPELLANT STEVEN WALTERS

## September 7, 2015

**THE LAW OFFICES OF THOMAS J. HENRY**
521 Starr St.
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601
Thomas J. Henry
State Bar No. 09484210
Russell W. Endsley
State Bar No. 24026825
Matthew S. Hull
State Bar No. 24055702
Service Email: rendsley-svc@thomasjhenrylaw.com

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

| **Appellant:** | **Counsel for Appellant:** |
|---|---|
| Steven Walters | **THE LAW OFFICES OF THOMAS J. HENRY** |
| | Thomas J. Henry |
| | State Bar No. 09484210 |
| | Russell W. Endsley |
| | State Bar No. 24026825 |
| | 521 Starr St. |
| | Corpus Christi, Texas 78401 |
| | Telephone:  (361) 985-0600 |
| | Facsimile:  (361) 985-0601 |

| **Appellee**: | **Counsel for Appellee:** |
|---|---|
| Allways Auto Group, Ltd. d/b/a Atascosa Chrysler Dodge Jeep Ram | **DAVIS, CEDILLO, & MENDOZA, INC.** |
| | Ronald E. Mendoza |
| | State Bar No.: 13937700 |
| | 755 E. Mulberry Ave., Suite 500 |
| | San Antonio, Texas 78212 |
| | Telephone: (210) 822-6666 |
| | Telecopier: (210) 822-1151 |

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**......................................................ii

**INDEX OF AUTHORITIES**. ................................................................ v

**STATEMENT OF THE CASE**.............................................................. vii

**STATEMENT REGARDING ORAL ARGUMENT**. .....................................viii

**ISSUES PRESENTED**. .................................................................... ix

    I.  Did the trial court err in granting Appellee's Traditional Motion for Summary Judgment?.................................................................... ix

    II. Is there a genuine issue of material fact as to whether Appellee is liable for Mr. Walters' injuries as a matter of law as a result of entrusting a motor vehicle to an unlicensed individual which Appellee knew or should have known to be unlicensed? ............................................. ix

    III. Is there a genuine issue of material fact as to whether Appellee entrusted its vehicle to an incompetent driver that Appellee knew or should have known to be incompetent?.................................................. ix

    IV. Is there a genuine issue of material fact as to whether Appellee entrusted its vehicle to reckless driver that Appellee knew or should have known to be reckless?.................................................................. ix

    V. Was Heyden's negligence a proximate cause of the collision and Mr. Walters' resulting injuries?.............................................................. ix

    VI. Has Appellant brought forth facts and evidence in support of all elements of his causes of action against Appellee, thereby precluding summary judgment? ................................................................. ix

**STATEMENT OF FACTS**................................................................... 1

**SUMMARY OF ARGUMENT** .............................................................. 3

**ARGUMENT** ............................................................................... 5

**I. DE NOVO REVIEW IS THE PROPER STANDARD FOR THIS HONORABLE COURT OF APPEALS.** ................................................................... 5

    *A. The Court of Appeals may exercise its own judgment and re-determine each issue of fact and law* ................................................. 5

    *B. The Court of Appeals may consider the facts and evidence without any deference to the trial court* ................................................. 5

**II. THE PROPER SCOPE OF REVIEW IS ALL SUMMARY JUDGMENT EVIDENCE, TAKEN AS TRUE IN FAVOR OF APPELLANT, WITH EVERY REASONABLE INFERENCE INDULGED AND ALL DOUBTS RESOLVED IN FAVOR OF APPELLANT.** ................................................................... 6

**III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.** ................................................................... 7

    *A. Appellee is liable to Appellant as a matter of law by entrusting its vehicle to an unlicensed individual* ................................................. 7

    *B. Heyden's negligent operation of the vehicle entrusted by Appellee was the foreseeable, direct cause of Appellant's injuries* ................... 11

    *C. The causation standard long established by the Supreme Court of Texas and found in the Texas Pattern Jury Charge in negligent entrustment cases forecloses Appellee's causation arguments* .......... 14

    *D. Appellant has brought forth ample facts and evidence in support of Appellant's claims* ................................................................... 18

**CONCLUSION AND PRAYER** ................................................................... 19

**CERTIFICATE OF SERVICE** ................................................................... 21

**APPENDIX** ................................................................................................ 22

# INDEX OF AUTHORITIES

## Cases

*Arias v. Aguilar*
    515 S.W.2d 313 (Tex.App.—Corpus Christi 1974, no writ)...................... 7, 8, 15

*Castillo v. Mizpah Residential Care*
    2014 WL 2159255 (Tex.App.—Corpus Christi May 22, 2014, no pet. h.) ......... 5

*Dallas Cnty. Mental Health & Mental Retardation v. Bossley*
    968 S.W.2d 339 (Tex. 1998)................................................................. 16

*Green v. Texas Electrical Wholesalers, Inc.*
    651 S.W.2d 4 (Tex.App.—Houston [1st] 1982, writ dism'd) ........................... 15

*Gulbenkian v. Penn*
    151 Tex. 412, 252 S.W.2d 929 (Tex. 1952) ........................................... 6

*Hennessy v. Estate of Perez*
    725 S.W.2d 507 (Tex.App.—Houston [1st Dist.] 1987, no writ) ....................... 6

*IHC Cedars Treatment Centers of DeSoto, Texas, Inc. v. Mason*
    143 S.W.2d 794 (Tex. 2004)................................................................. 17

*In re Labatt Food Service, L.P.*
    279 S.W.3d 640 (Tex. 2009)................................................................. 5

*McGraw Materials, Ltd. v. County of Jasper, Texas*
    2014 WL 2163264 (Tex.App.—Corpus Christi May 7, 2015, no pet. h.) ........... 5

*Mundy v. Pirie-Slaughter Motor Co.*
    206 S.W.2d 587 (Tex. 1947)................................................................. 7, 8, 15

*Neely v. Wilson*
    418 S.W.3d 52 (Tex. 2013)................................................................... 6

*Pena v. Bellows*
    1998 WL 35277432 (Tex.App.—Corpus Christi Dec. 30, 1988 no pet. h.) . 15-16

*Phan Son Van v. Pena*
990 S.W.2d 751 (Tex. 1999).................................................................. 17

*Provident Life & Acc. Ins. Co. v. Knott*
128 S.W.3d 211 (Tex. 2003)................................................................... 5

*Quick v. City of Austin*
7 S.W.3d 109 (Tex. 1999)........................................................................ 5

*Revisore v. West*
450 S.W.2d 361 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ) .............. 11

*Roskey v. Texas Health Facilities Comm'n*
639 S.W.2d 302 (Tex. 1982)................................................................... 6

*Snellenberger v. Rodriguez*
760 S.W.2d 237 (Tex. 1988)................................................................... 6

*State Farm Fire & Cas. Co. v. S.S.*
858 S.W.2d 374 (Tex. 1993)................................................................. 18

*Union Pump Co. v. Allbritton*
898 S.W.2d 773 (Tex. 1995)................................................................. 17

## **Other**

Texas Pattern Jury Charges, PJC 10.12 ........................................................ 8

## STATEMENT OF THE CASE

Appellant Steven Walters (herein "Mr. Walters" or "Appellant") brought suit in the 36th Judicial District Court, Live Oak County, Texas against William John Heyden ("Heyden") and Allways Auto Group, Ltd. ("Appellee") as a result of injuries sustained in a motor vehicle collision. (CR 14). The vehicle driven by Mr. Walters was struck by a Dodge Ram 1500 operated by Heyden on September 10, 2012 in Three Rivers, Live Oak County, Texas. (CR 161, 162). Appellant alleged negligent entrustment and gross negligence against Appellee. (CR 19-20).

Appellee filed its Traditional Motion for Summary Judgment on January 26, 2015. (CR 59). Summary judgment was granted in favor of Appellee, and an order severing Mr. Walters' causes of action against Appellee was signed on August 5, 2015. Mr. Walters filed his Notice of Appeal on July 15, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

At issue in this case is whether genuine issues of material fact exist to preclude the granting of summary judgment in favor of Appellee. Oral argument will be helpful to the Court so that it may question counsel and allow counsel to emphasize and clarify the issues. Appellant Steven Walters therefore requests oral argument.

# ISSUES PRESENTED

I.      Did the trial court err in granting Appellee's Traditional Motion for Summary Judgment?

II.     Is there a genuine issue of material fact as to whether Appellee is liable for Mr. Walters' injuries as a matter of law, as a result of entrusting its motor vehicle to an unlicensed individual which Appellee knew or should have known to be unlicensed?

III.    Is there a genuine issue of material fact as to whether Appellee entrusted its vehicle to an incompetent driver that Appellee knew or should have known to be incompetent?

IV.    Is there a genuine issue of material fact as to whether Appellee entrusted its vehicle to reckless driver that Appellee knew or should have known to be reckless?

V.     Was Heyden's negligence a proximate cause of the collision and Appellant's resulting injuries?

VI.    Has Appellant brought forth facts and evidence in support of all elements of his causes of action against Appellee, thereby precluding summary judgment?

## STATEMENT OF FACTS

On September 10, 2012, Appellant Steven Walters lawfully operated his vehicle while traveling westbound on SH 72 in Three Rivers, Live Oak County, Texas and was struck by the 2012 Dodge Ram 1500 operated by Heyden, when Heyden, traveling eastbound, crossed into Mr. Walters' lane. (CR 161, 162). The 2012 Dodge Ram 1500 was owned by Appellee (Atascosa Dodge Dealership). (CR 161, 162). Heyden was arrested and charged with Intoxication Assault and DWI (3rd). (CR 161, 162).

On August 21, 2012, Heyden purchased a 2008 Dodge Caliber as a result of his Ford Taurus being declared a total loss after Heyden had a collision while driving under the influence of alcohol. (CR 143). At the time Heyden purchased the 2008 Dodge Caliber from Appellee, Heyden furnished a photocopy of his old Illinois driver's license. (CR 143). Heyden testified that Appellee made a photocopy of the photocopy Heyden presented. (CR 150). Heyden also testified that he told the individual at Appellee's dealership that he surrendered his Illinois driver's license and did not have a valid Texas driver's license. (CR 156).

The vehicle Heyden purchased from Appellee developed mechanical problems, and Appellee furnished use of its 2012 Dodge Ram 1500 to Heyden. (CR 143). Heyden signed a loaner vehicle agreement with Appellee on August 23, 2012. (CR 152). Heyden testified that he never was required by Appellee to show

1

an actual, physical driver's license and was furnished the 2012 Dodge Ram 1500 while he was unlicensed. (CR 144). Heyden further testified that he consumed six beers while waiting for Appellee's tow truck to bring him to Appellee's dealership to pick up the 2012 Dodge Ram 1500 loaner vehicle and testified that he was heavily impaired at the time he was given the keys, believed he was legally intoxicated, and confirmed he would have failed a breathalyzer. (CR 154, 158). In addition, Heyden confirmed every day he drove Appellee's vehicle he did so while intoxicated. (CR 154).

## SUMMARY OF THE ARGUMENT

The summary judgment granted by the trial court should be reversed, because the evidence and testimony brought forth by Appellant Mr. Walters created genuine issues of material fact, and Appellee cannot establish it was entitled to summary judgment as a matter of law. Mr. Walters brought forth ample facts and evidence to establish all elements of his causes of action against Appellee, and thus the trial court erred in granting Appellee's motion for summary judgment as to any of Mr. Walters' claims.

This Honorable Court of Appeals may review *de novo* the facts and evidence before the trial court and make a ruling without any deference to the trial court's findings. The proper scope of review is all summary judgment evidence, taken as true in favor of Mr. Walters, with every reasonable inference indulged and all doubts resolved in favor of Mr. Walters.

Under the theory of negligent entrustment, Appellee was negligent *per se* in entrusting its motor vehicle to an unlicensed driver, and the facts and evidence support a finding of same, or at very least create a genuine issue of material fact to preclude summary judgment. The facts and evidence further show that, at the time of entrustment, Heyden was an unlicensed, incompetent, and reckless driver, which Appellee knew or should have known was unlicensed, incompetent, and reckless.

3

The causation standard set forth by the Supreme Court of Texas in negligent entrustment cases, found in the Texas Pattern Jury Charges, forecloses Appellee's causation arguments.

## ARGUMENT

**I.  DE NOVO REVIEW IS THE PROPER STANDARD FOR THIS HONORABLE COURT OF APPEALS.**

Summary judgment review is *de novo*. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Appellant respectfully requests this Honorable Court of Appeals to review the facts, evidence, and law, reverse the trial court's granting of Appellee's Traditional Motion for Summary Judgment, and remand this case for a new trial.

### A.  *The Court of Appeals may exercise its own judgment and re-determine each issue of fact and law.*

This Honorable Court may exercise its own judgment and re-determine each issue of fact and law. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999); *see also McGraw Materials, Ltd. v. County of Jasper, Texas*, 2014 WL 2163264 at *3 (Tex.App.—Corpus Christi May 7, 2015, no pet. h.)(mem. op., not designated for publication).

### B.  *The Court of Appeals may consider the facts and evidence without any deference to the trial court.*

This Honorable Court may consider the facts and evidence without giving any deference to the trial court. *See Quick* at 116; *see also In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 643 (Tex. 2009); *Castillo v. Mizpah Residential Care*, 2014 WL 2159255 at *6 (Tex.App.—Corpus Christi May 22, 2014, no pet. h.)(mem. op., not designated for publication).

5

**II.** **THE PROPER SCOPE OF REVIEW IS ALL SUMMARY JUDGMENT EVIDENCE, TAKEN AS TRUE IN FAVOR OF APPELLANT, WITH EVERY REASONABLE INFERENCE INDULGED AND ALL DOUBTS RESOLVED IN FAVOR OF APPELLANT.**

The proper scope of review is all summary judgment evidence, taken as true in favor of Appellant, with every reasonable inference indulged and all doubts resolved in favor of Appellant. Summary judgment is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *See Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (Tex. 1952). In the context of cases in which a determination of negligence is required to reach a decision, disposition by summary judgment is the exception and *not* the rule. *Snellenberger v. Rodriguez*, 760 S.W.2d 237, 239 (Tex. 1988)(quoting *Hennessy v. Estate of Perez*, 725 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1987, no writ).

The burden of proof is on the movant and all doubts as to the existence of genuine issues of material facts must be resolved against the movant and evidence viewed in the light most favorable to the person opposing summary judgment. *Snellenberger* at 239; *see also Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 302 (Tex. 1982). The nonmovant is to be given the benefit of every reasonable inference which properly can be drawn in favor of his position. *See Neely v. Wilson*, 418 S.W.3d 52, 76 (Tex. 2013).

Appellant respectfully asks this Honorable Court of Appeals to review all facts and summary judgment evidence in his favor and reverse the trial court's granting of summary judgment in favor of Appellee.

## III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

The trial court erred in granting Appellee's Traditional Motion for Summary Judgment, because Appellant, Mr. Walters, brought forth ample facts and evidence to establish all elements of his causes of action, and Appellee cannot establish it was entitled to summary judgment as a matter of law. The evidence and testimony brought forth by Mr. Walters at very least created genuine issues of material fact to preclude summary judgment.

### A. *Appellee is liable to Appellant as a matter of law by entrusting its vehicle to an unlicensed individual.*

Under the theory of negligent entrustment, because Appellee entrusted its vehicle to an unlicensed driver whose negligence caused Mr. Walters' damages, Appellee is liable to Mr. Walters as a matter of law. The entrustment of a motor vehicle to a person who does not have a valid driver's license is negligence *per se*. *See Arias v. Aguilar*, 515 S.W.2d 313, 316 (Tex.App.—Corpus Christi 1974, no writ); *see also Mundy v. Pirie-Slaughter Motor Co.*, 206 S.W.2d 587, 590 (Tex. 1947).

Mr. Walters brought forth facts and evidence establishing all elements of negligent entrustment: (1) entrustment of a vehicle by the owner (2) to an unlicensed, incompetent, or reckless driver (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless, and (4) the driver's negligence on the occasion in question (5) proximately caused the accident. *See id.*; *see also* STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES, PJC 10.12.

There is no question that the facts and evidence establish the first element of negligent entrustment, and Appellee does not deny it entrusted its vehicle to Heyden. (CR 48, 152). Mr. Walters brought forth facts and evidence confirming the second and third elements of negligent entrustment, the fact that Heyden was an unlicensed driver and the fact Appellee knew he was unlicensed, attaching Heyden's deposition testimony confirming same:

> Q: Okay. Now when you went to buy the Dodge Caliber from my client, Atascosa Dodge, the license – photocopy of the license presented was – was not a valid license, correct?
>
> A: Correct.
>
> ***
>
> Q: **You were an unlicensed driver when Atascosa Dodge provided you the loaner vehicle, correct?**
>
> You can answer, sir.
>
> A: **Correct.**
>
> ***

8

Q: And then when you bought the car, they asked you for a driver's license, correct, and you showed them a photocopy?

A: Correct.

Q: And you gave them a photocopy or they photocopied the photocopy?

A: They photocopied the photocopy.

***

Q: **He knew – I say he, I mean the Atascosa Dodge employee, knew that when you provided a Xerox copy of Illinois License [*sic*] that you had already surrendered that to the Texas Department of Public Safety, correct?**

A: **Correct.**

Q: He knew this license was surrendered and invalid when you provided to him [*sic*] at the dealership, correct?

A: Correct.

Q: All right. And they still gave you a car?

A: Yes.

Q: **And they still gave you a loaner vehicle, despite knowing that you provided an invalid, surrendered driver's license –**

A: **Yes.**

***

Q: **And they knew that when they gave you the loaner vehicle, that the Illinois license on file was invalid and surrendered, correct?**

A: **Yes.**

9

Q: **All right. So Atascosa Dodge provided a loaner vehicle to a drunk and unlicensed driver; true?**

A: **True.**[1]

(CR 144, 150, 153, 156, 158).

Although to maintain his negligent entrustment claim, Mr. Walters' showing that Heyden was an unlicensed driver was sufficient, Mr. Walters also brought forth evidence that Heyden was an incompetent and reckless driver through Heyden's testimony:

Q: Okay. And can you and I both agree that at the time Atascosa Dodge provided you the loaner vehicle, you were also a reckless driver?

A: Yes.

Q: Can you and I both agree that because of your addiction at that time, that you were also an incompetent driver at the time you received the loaner vehicle?

A: I was an irresponsible driver, yes.

(CR at 144).

### B. Heyden's negligent operation of the vehicle entrusted by Appellee was the foreseeable, direct cause of Appellant's injuries.

Furthermore, Heyden's negligent operation of the vehicle entrusted by Appellee was the foreseeable, direct cause of Appellant's injuries. Heyden was an

---

[1] William John Heyden's deposition transcript in its entirety is part of the Court Record. However, for the convenience of this Honorable Court of Appeals, Appellant attaches as Appendix B excerpts from the deposition transcript of William John Heyden's aforementioned testimony; *see* transcript at 33:19-23, 59:15-21, 69:16-20, 83:15-84:6, and 91:22-92:4.

unlicensed driver at the time of entrustment, because his driver's license was taken away from him for failure to submit to a breathalyzer test when he was arrested for DWI. (CR 147). Appellee could have discovered the reason for Heyden's being unlicensed but instead chose to ignore the fact Heyden only had a paper photocopy of an out-of-state driver's license. Irrespective of Heyden being unlicensed, the facts and evidence establish Appellee ignored Heyden's intoxication at the time Appellee entrusted Heyden with its vehicle.

Mr. Walters brought forth as further evidence the affidavit of Carmen Daecher, a fleet safety expert who confirmed that Appellee had duty and obligation to ensure it did not allow dangerous and reckless drivers to operate vehicles which it owned. (CR 132).

An entrustment may be deemed negligent where an entrustee is physically or mentally incapacitated, intoxicated or for any reason lacking in judgment or perception; in such instances knowledge of the entrustor of the incompetency or recklessness of the driver is apparent. *See Revisore v. West*, 450 S.W.2d 361, 364 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). In this case, although Appellee argues it did not know of Heyden's condition at the time of entrustment, the facts, evidence, and common sense at very least create a genuine issue of material fact as to Appellee's knowledge:

> Q:    So actually when you were driving the Caliber and it broke
>       down, you were already intoxicated, right?

11

A:   No.  When it was – when I pulled into the gas station, **as I was waiting for the wrecker, I think I got a – yeah, I got six-pack of alcohol – beer.**

Q:   Okay.

A:   **And I was drinking in the parking lot.**

Q:   **And did you finish that off before you go back to the dealership?**

A:   **Yes.**

Q:   **All right.  So you actually go to the dealership and they handed you the keys to that truck, you had already drank six beers; is that fair?**

A:   **Yeah.**

Q:   All right.

A:   I forgot all about that.  Yes.

Q:   **And you were legally intoxicated at the time of that loaner put in your possession; true?**

A:   **I – yeah.  I believe I was.**

***

Q:   I'm sorry to do this again, just real quick.  I just want to make sure I'm clear on two things:  A, **you were drunk when Atascosa Dodge gave you the loaner vehicle, correct?**

A:   I don't know if I – I – **I was heavily impaired.**

Q:   **You were heavily impaired and you would've failed – you would've failed a breathalyzer, correct?**

12

A:  **I would've failed a breathalyzer, yes.**

Q:  **You were legally drunk at the time that Atascosa Dodge provided you a loaner vehicle; true?**

A:  **Legally drunk, yes.**

Q:  **There's no doubt in your mind, right?**

A:  **No doubt in my mind.**

Q:  **You were impaired?**

A:  **That I was – I was impaired.**

Q:  You should not have been driving then, correct?

A:  Shouldn't have been driving.

Q:  **You were a danger on the roadway at the time that they gave the truck, correct?**

A:  **Yes.**

Q:  **And that was clear at the time that the keys were given to you, correct?**

A:   **Correct.**

(CR 154, 158).

Despite Appellee's contention that it did not know or could not have known of Heyden's condition at the time of entrustment, such a contention cannot be credibly maintained given Heyden's testimony that he was heavily impaired and had already had six beers when Appellee's tow truck brought him to the dealership.

13

Heyden's heavy impairment from intoxication at the time of entrustment made the risk that Heyden would harm someone as a result of driving while intoxicated unquestionably foreseeable – stated a different way, the risk that caused the entrustment to be negligent caused the collision at issue. At very least, Heyden's testimony brought forth by Appellant establishes a genuine material fact regarding Appellee's knowledge at the time of entrustment, thus precluding summary judgment.

### C. The causation standard long established by the Supreme Court of Texas and found in the Texas Pattern Jury Charge in negligent entrustment cases forecloses Appellee's causation arguments.

The causation standard long established by the Supreme Court of Texas and found in the Texas Pattern Jury Charge in negligent entrustment cases forecloses the entirety of Appellee's causation arguments. The Texas Supreme Court established the causation standard in negligent entrustment cases as follows:

> If, after the automobile is knowingly entrusted to an incompetent, reckless, or unlicensed driver, and such driver's negligence proximately causes damages to a third person, the causal connection is shown between the negligence of the owner in entrusting the automobile to him and the damage to the third person.

*See Arias v. Aguilar*, 515 S.W.2d 313, 316 (Tex.App.—Corpus Christi 1974, no writ); *see also Mundy v. Pirie-Slaughter Motor Co.*, 206 S.W.2d 587, 590 (Tex. 1947). The causal connection between the negligence of Appellee in entrusting its

vehicle to Heyden and the damages to Mr. Walters is established by the facts and evidence in this case.

It is beyond any credible dispute that Heyden's negligence in operating a motor vehicle was the sole proximate cause of the collision that resulted in Mr. Walters' injuries; Mr. Walters brought forth this evidence, established by Heyden's testimony:

> Q: **That's fine. Do you agree that my client did absolutely nothing wrong to cause this wreck?**
>
> A: **He didn't deserve any of this, no.**
>
> Q: **Do you agree that if you had not been provided a loaner vehicle by Atascosa Dodge, that this wreck never would have happened?**
>
> A: **I totally agree.**

(CR 145).

The controlling event is the time of the entrustment, not the time of the accident. *See Green v. Texas Electrical Wholesalers, Inc.*, 651 S.W.2d 4, 7 (Tex.App.—Houston [1st] 1982, writ dism'd)(finding that trial court incorrectly submitted controlling time as time of accident, when controlling event was the entrustment of the vehicle to the driver the day before the accident); *see also Pena v. Bellows*, 1998 WL 35277432 at *5 (Tex.App.—Corpus Christi Dec. 30, 1988 no pet. h.)(mem. op., not designated for publication). Appellee's reliance on what it contends is a temporal gap between Mr. Walters' injuries and Heyden's negligence

15

is meritless in light of the causation standard long established by the Supreme Court of Texas and runs contrary to the evidence – Heyden was intoxicated and heavily impaired at the time of entrustment, and remained intoxicated up until the time of the collision made the basis of Mr. Walters' lawsuit:

> **Q:** **Got you.  How many times did you drive that Atascosa Dodge truck drunk during the time period that you had the vehicle?**
>
> **A:** **Many times.**
>
> **Q:** **Every day?**
>
> **A:** **On – almost every day, if not every day.**

(CR 154).

With regard to causation, the cases discussed by Appellee are not negligent entrustment cases like this case and are vastly distinguishable in that none involve the direct connection and foreseeability of result involved in this case.  For example, Appellee discusses a case in which a mentally ill patient escaped through unlocked doors of a hospital and committed suicide; *see Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 340 (Tex. 1998)(escape through unlocked doors was part of a sequence of events that ended in mentally ill patient's suicide).  Appellee also discusses a case involving a person who slipped on fire retardant foam used to extinguish a fire caused by a faulty pump two hours prior.  *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex.

16

1995)(circumstances surrounding employee's injuries were too remotely connected with defendant's pump).  Another case discusses a claim that the plaintiff's injuries were caused a driver released too early from a mental institution; *see IHC Cedars Treatment Centers of DeSoto, Texas, Inc. v. Mason*, 143 S.W.2d 794, 799 (Tex. 2004) (no evidence the mental state of the driver caused the plaintiff's injury).

Yet another case discussed by Appellee involves a shop owner who sold alcohol to minors before the minors committed murder; *see Phan Son Van v. Pena*, 990 S.W.2d 751, 755 (Tex. 1999)(criminal conduct and harm inflicted were extraordinary in nature and not of the type of generally contemplated by the duty not to furnish alcoholic beverages to minors).  Thus, none of the aforementioned cases Appellee relies upon are availing.

Furthermore, Appellee's attempt to use Heyden's testimony regarding suicide to transform Heyden' negligence into an intentional act, to create a new, independent, and/or superseding cause, fails in light the evidence in the Court Record:

> Q:    **You did not intend to hit my client's vehicle, correct?**
>
> A:    **Absolutely not.**
>
> Q:    **You did not intend to harm my client, correct?**
>
> A:    **Correct.**
>
> Q:    **This accident was not intentional, correct?**

17

A:     **No.  It was not intentional.**

(CR 155).

In addition, Appellee's attempt to transform Heyden's negligence into a intentional act fails under Texas law.  "An insured intends to injure or harm another if he intends the consequences of his act or reasonably believes they are substantially certain to follow."  *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex. 1993).  The evidence is clear that Mr. Heyden did not intend the consequences of his act or believed harm to another was substantially certain to follow.  (CR 155).  At very least, Heyden's testimony creates a genuine issue of material fact to preclude summary judgment.

### D.     *Appellant has brought forth ample facts and evidence to establish all elements of Appellant's claims.*

Appellant, Mr. Walters, has brought forth ample facts and evidence to establish all elements of his negligent entrustment and gross negligence claims.  In support of his negligent entrustment and gross negligence claims, Mr. Walters incorporates by reference the preceding paragraphs and all aforementioned facts and evidence as though fully set forth herein.

The facts and evidence establish Appellee's entrustment to Heyden, an unlicensed, incompetent, and reckless driver was negligent as well as grossly negligent.  The facts and evidence further establish Appellee's knowledge of the substantial risk of harm to others and nevertheless proceeding with conscious

18

indifference to the safety and welfare of other motorists, like Mr. Walters, considering the probability and magnitude of the harm. Fleet safety expert Carmen Daecher sums up the reasons summary judgment should have been denied:

> Atascosa should have known that lending vehicles to persons is entirely different than selling vehicles to persons. They had an obligation to ensure that they did not allow dangerous and reckless drivers to operate vehicles which they owned. They failed to take even the most reasonable precaution in ensuring that Mr. Heyden had a physical license. They also showed ignorance in not asking why he did not have a Texas license given the length of time he lived in Texas. If they would have taken minimally reasonable precautions, they would not have allowed Mr. Heyden to drive one of their vehicles.
>
> The facts of the accident report support that William Heyden acted recklessly in operating the Dodge Ram 1500 which resulted in the accident which injured Mr. Walters. But Atascosa could have prevented this accident from occurring if they were not callously indifferent to the safety of the general public and did not act recklessly in providing Mr. Heyden with one of their vehicles to operate freely. If they would have taken reasonably minimum precautions, it would have been obvious and evident that Mr. Heyden was not fit to drive. They provided an instrument of danger to Mr. Heyden by allowing him to drive one of their vehicles.

(CR 184,185).

## CONCLUSION AND PRAYER

Mr. Walters brought forth ample facts and evidence to establish all elements of his causes of action against Appellee, and thus the trial court erred in granting Appellee's motion for summary judgment as to any of Mr. Walters' claims. The summary judgment granted by the trial court should be reversed, because the

evidence and testimony brought forth by Appellant Mr. Walters at very least created genuine issues of material fact, precluding summary judgment, and Appellee cannot establish it was entitled to summary judgment as a matter of law. Accordingly, Mr. Walters prays that the judgment of the trial court be reversed and that this Court of Appeals remand this case for a new trial.

RESPECTFULLY SUBMITTED,
THE LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
361/ 985-0600 – PHONE
361/ 985-0601 – FACSIMILE

BY: **/s/Russell W. Endsley**
THOMAS J. HENRY
STATE BAR NO. 09484210
RUSSELL W. ENDSLEY
STATE BAR NO. 24026824
MATTHEW S. HULL
STATE BAR NO. 24055702

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was duly served in accordance with the Texas Rules of Civil Procedure on this the **7th day of September, 2015.**

***VIA E-SERVICE and/or FACSIMILE***
Ronald E. Mendoza
**DAVIS, CEDILLO, & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Ave.
San Antonio, Texas 78212
(210) 822-6666
(210) 822-1151 (Fax)                    **/s/Russell W. Endsley**
                                           Russell W. Endsley

21

# APPENDIX

# **APPENDIX**

Excerpts from the deposition transcript of William John Heyden ........................... A

**A**

CAUSE NO. L-13-0087-CV-A

| | |
|---|---|
| STEVEN WALTERS )( | IN THE DISTRICT COURT |
| PLAINTIFF )( | |
| )( | |
| VS. )( | 36TH JUDICIAL DISTRICT |
| )( | |
| WILLIAM JOHN HEYDEN, )( | |
| AND ALLWAYS AUTO GROUP, )( | |
| LTD. )( | |
| D/B/A ATASCOSA DODGE )( | |
| DEALERSHIP D/B/A ALLWAYS )( | |
| ATASCOSA CHRYSLER DODGE )( | |
| JEEP YAMAHA, )( | |
| DEFENDANTS )( | LIVE OAK COUNTY, TEXAS |

ORAL AND VIDEOTAPED DEPOSITION OF

WILLIAM JOHN HEYDEN

OCTOBER 9, 2014

ORAL AND VIDEOTAPED DEPOSITION OF WILLIAM JOHN HEYDEN, produced as a witness at the instance of the PLAINTIFF, and duly sworn, was taken in the above-styled and numbered cause on the 9th of October, 2014, from 12:55 P.M. to 2:32 P.M., before JOHN W. FELLOWS, CSR in and for the State of Texas, reported by machine shorthand, at the DEPARTMENT OF CRIMINAL JUSTICE, Lopez Facility, 1203 El Cibolo Road, Edinburg, Hidalgo County, Texas, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

**ORIGINAL**

BRYANT & STINGLEY, INC.
Harlingen (956) 428-0755          McAllen (956) 618-2366

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

off -- they went by the document that they already had.

Q. Right. But they never actually, physically saw a driver's license that you provided them, correct?

A. Correct.

Q. All right. And when they actually provided a loaner vehicle, they never asked you to provide them an actual, physical driver's license, correct?

A. Correct. As a matter of fact, I -- I believe on the phone, they said that they will have a loaner truck ready and available for me right when I get there.

Q. Okay. And so is it fair to tell this jury that Atascosa Dodge provided you a loaner vehicle, an unlicensed driver?

MR. MENDOZA: Objection, form.

A. Yes.

Q. You were an unlicensed driver when Atascosa Dodge provided you the loaner vehicle, correct?

MR. MENDOZA: Objection, form.

Q. You can answer, sir.

A. Yes.

Q. Okay. And can you and I both agree that at the time that Atascosa Dodge provided you the loaner

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

Texas license at that time, although your card had been taken from you?

A.   Correct.

Q.   Okay.  So since you didn't have your Texas driver's license card, you had made photocopies of Illinois license, you presented that to Allways Dodge to show them you had a valid driver's license, correct?

A.   It's not why I had a photocopy.  I just had a photocopy just because I wanted some kind of identification on me.

Q.   Okay.  So you made a photocopy of the Illinois driver's license for identification purposes?

A.   Right.

Q.   And then when you bought the car, they asked you for a driver's license, correct, and you showed them a photocopy?

A.   Correct.

Q.   And you gave them a photocopy or they photocopied the photocopy?

A.   They photocopied the photocopy.

Q.   Okay.  And you told them it was a good license, correct?

A.   Correct.

Q.   All right.  And you told them you had

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

A.   Yes.

Q.   And what did they tell you?

A.   I don't remember what they told me, but it wasn't ready yet.

Q.   Okay.  Did they tell you that there was a part that was needed to repair your Dodge Caliber and it was on back order?

A.   That sounds really familiar, yes.

Q.   Okay.  And it needed to get that part to repair your Dodge Caliber?

A.   Yes.

Q.   Okay.  And that in the meantime, you could stay with the loaner truck?

A.   Yes.  That sounds -- that sounds very accurate.

Q.   Okay.  Now, when you went to buy the Dodge Caliber from my client, Atascosa Dodge, the license -- photocopy of the license presented was -- was not a valid license, correct?

A.   Correct.

Q.   The insurance was valid, correct?

A.   Correct.

Q.   And you did sign a loaner agreement, which was part of what they wanted you to do when you got the loaner truck?

BRYANT & STINGLEY, INC.
Harlingen (956) 428-0755          McAllen (956) 618-2366

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

Q.     Sure.  I understand.  You were not truthful to them?

A.     The truth was, that my license got -- the Texas license gotten taken away from me because of a DWI.

Q.     I want to make sure I'm clear.  You actually told the individual at Atascosa Dodge who sold you the car, that you surrendered your Illinois license to the Texas Department of Public Safety, correct?

A.     Correct.

Q.     You told him that, right?

A.     Correct.  Yes.

Q.     You did not lie about that fact, correct?

A.     I did not lie about that fact.

Q.     He knew -- I say he, I mean the Atascosa Dodge employee, knew that when you provided a Xerox copy of Illinois license, that you had already surrendered that to the Texas Department of Public Safety, correct?

A.     Correct.

Q.     He knew this license was surrendered and invalid when you provided to him at the dealership, correct?

A.     Correct.

Q.     All right.  And they still gave you a car?

Electronically signed by John Fellows (301-250-933-7791)                    44cc31aa-eb79-4ff1-816b-ea1bb5dce146

A. Yes.

MR. MENDOZA: Objection, form.

Q. And they still gave you a loaner vehicle despite knowing that you provided an invalid, surrendered driver's license --

A. Yes.

Q. -- that was not effective at the time, correct?

A. Correct.

Q. All right. Now -- thank you, sir. That's all I have.

FURTHER EXAMINATION

BY MR. MENDOZA:

Q. I have a few questions for you, Mr. Heyden, okay, in the same area that Mr. -- Mr. Endsley was asking you about. You had to plead and beg Atascosa Dodge to sell you that car after you told them that your Illinois license had been surrendered, correct?

A. Yes.

Q. Right?

A. Yes.

Q. You told me, and you told all of us here today, you told the jury, that you were lying quite a bit back during this time period; is that right?

A. Yes.

Electronically signed by John Fellows (301-250-933-7791)       44cc31aa-eb79-4ff1-816b-ea1bb5dce146

A.    Shouldn't have been driving.

Q.    You were a danger on the roadway at the time that they gave the truck, correct?

A.    Yes.

Q.    And that was clear at the time that the keys were given to you, correct?

A.    Correct.

Q.    All right.  The next thing I want to make sure we're crystal clear on, you told Atascosa Dodge that this license, Exhibit No. 3, was invalid and surrendered to State of Texas when you bought that 2008 Caliber, correct?

        MR. MENDOZA:  Objection, form.

A.    Correct.

        MR. ENDSLEY:  What's your objection?

        MR. MENDOZA:  Asked and answered two or three times.

        MR. ENDSLEY:  Okay.  I'm not worried about that objection.

Q.    Now --

        MR. MENDOZA:  Objection, side bar.

Q.    And they knew that when they gave you the loaner vehicle, that the Illinois license on file was invalid and surrendered, correct?

A.    Yes.

Electronically signed by John Fellows (301-250-933-7791)        44cc31aa-eb79-4ff1-816b-ea1bb5dce146

Q.  All right.  So Atascosa Dodge provided a loaner vehicle to a drunk and unlicensed driver; true?

MR. MENDOZA:  Objection, form.

A.  True.

Q.  Thank you, sir.  That's all I have.

MR. MENDOZA:  I have no questions.

MR. ENDSLEY:  You done?

MR. HANNA:  I'm done.

THE VIDEOGRAPHER:  Off the record.

(Deposition concluded).

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

CAUSE NO. L-13-0087-CV-A

| | | |
|---|---|---|
| STEVEN WALTERS | ) ( | IN THE DISTRICT COURT |
| PLAINTIFF | ) ( | |
| | ) ( | |
| VS. | ) ( | 36TH JUDICIAL DISTRICT |
| | ) ( | |
| WILLIAM JOHN HEYDEN, | ) ( | |
| AND ALLWAYS AUTO GROUP, | ) ( | |
| LTD. | ) ( | |
| D/B/A ATASCOSA DODGE | ) ( | |
| DEALERSHIP D/B/A ALLWAYS | ) ( | |
| ATASCOSA CHRYSLER DODGE | ) ( | |
| JEEP YAMAHA, | ) ( | |
| DEFENDANTS | ) ( | LIVE OAK COUNTY, TEXAS |

REPORTER'S CERTIFICATION
VIDEOTAPED DEPOSITION OF WILLIAM JOHN HEYDEN
OCTOBER 9, 2014

I, JOHN W. FELLOWS, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, WILLIAM JOHN HEYDEN, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on October 23 , 2014 to MR. KEVIN P. HANNA, attorney for WILLIAM JOHN HEYDEN for examination, signature and return to me by November 12, 2014 ;

That the amount of time used by each party at the deposition is as follows:

Mr. Russell Endsley - 0 Hours: 51 Minutes
Mr. Kevin P. Hanna - 0 Hours: 00 Minutes
Mr. Ronald E. Mendoza - 0 Hours: 37 Minutes

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

COUNSEL FOR THE PLAINTIFFS:

MR. RUSSELL ENDSLEY
MR. MATTHEW HULL
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas  78401

COUNSEL FOR THE DEFENDANT WILLIAM JOHN HEYDEN:

MR. KEVIN P. HANNA
Upton, Mickits & Heymann, L.L.P.
Frost Bank Plaza
802 N. Carancahua, Suite 450
Corpus Christi, Texas  78401

COUNSEL FOR THE DEFENDANTS ALLWAYS AUTO GROUP, LTD.,
D/B/A/ ATASCOSA DODGE DEALERSHIP D/B/A ALLWAYS
ATASCOSA CHRYSLER DODGE JEEP YAMAHA:

MR. RONALD E. MENDOZA
Law Offices of Davis, Cedillo & Mendoza Incorporated
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.

Certified to by me this _22nd_ day _October_, 2014.

_____
JOHN W. FELLOWS, Texas CSR #3335
Expiration Date: 12/31/14
Bryant & Stingley, Inc., CRN No.: 512
1305 East Nolana, Suite D
McAllen, Texas  78504
(956) 618-2366

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

CAUSE NO. L-13-0087-CV-A

| | | |
|---|---|---|
| STEVEN WALTERS | )( | IN THE DISTRICT COURT |
| PLAINTIFF | )( | |
| | )( | |
| VS. | )( | 36TH JUDICIAL DISTRICT |
| | )( | |
| WILLIAM JOHN HEYDEN, | )( | |
| AND ALLWAYS AUTO GROUP, | )( | |
| LTD. | )( | |
| D/B/A ATASCOSA DODGE | )( | |
| DEALERSHIP D/B/A ALLWAYS | )( | |
| ATASCOSA CHRYSLER DODGE | )( | |
| JEEP YAMAHA, | )( | |
| DEFENDANTS | )( | LIVE OAK COUNTY, TEXAS |

FURTHER CERTIFICATION UNDER RULE 203 TRCP
TO THE ORAL AND VIDEOTAPED DEPOSITION OF
WILLIAM JOHN HEYDEN
TAKEN OCTOBER 9, 2014

I, JOHN W. FELLOWS, certify that the original Changes and Signature Page of WILLIAM JOHN HEYDEN:

_____ was received by the Deposition Officer on _____;
_____ was not received by the Deposition Officer;

That, if returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

If returned, the original Changes and Signature Page was delivered to MR. RUSSELL ENDSLEY, Custodial Attorney;

That $_____ is the deposition officer's charges to the PLAINTIFF for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served to all parties shown herein on _____ and filed with the Clerk.

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146

Certified to by me this _____ day of
_____, 2014.

_____
JOHN W. FELLOWS, Texas CSR #3335
Expiration Date: 12/31/14
Bryant & Stingley, Inc., CRN No.: 512
1305 East Nolana, Suite D
McAllen, Texas  78504
(956) 618-2366

Electronically signed by John Fellows (301-250-933-7791)          44cc31aa-eb79-4ff1-816b-ea1bb5dce146